No. 2266.

PAUL VOGELSANG v. MARTHA NULL.

1. MINOR, DEED BY.—A minor, nineteen years old, having an interest in land, signed, with her kindred, a deed, which purported to convey the interest of all. Before signing, she refused, when urged to do so, to declare to the officer that she was twenty one years old, and, when the officer asked her age, one of those who had thus urged her, answered that she was twenty-one years old. She remained silent, but signed the deed. Her interest in the purchase money was never paid to her. In a suit, brought on attaining her majority, to recover her interest in the land, *held:*

    (1) There being nothing to show that the officer acted as the agent of the purchaser in asking the minor's age, or that the purchaser was misled by her silence, he not being present when the deed was signed, her rights can not be measured by those of an infant who has induced another person to receive a deed upon his false representation that he was of full age when he signed it. She is not bound by the deed.

2. INFANCY.—The rule which requires one who seeks, on reaching the age of twenty-one years, to avoid a deed made during minority, to restore the purchase money, does not apply when the purchase money was received by a third party, and never reached the possession of the minor.

3. SAME—AGENCY.—The fact that such third party was the recognized agent of the minor to receive the purchase money, is immaterial. A minor can make no agent to perform an act to his injury, and whether the act be

beneficial or injurious is left to the minor's discretion on reaching full age. The object of the law which looks to the protection of minors would be defeated if they could, by interposing an agent, bind their estates in a manner which they are prohibited from doing in person.

APPEAL from Fayette. Tried below before the Hon. H. Teichmueller.

*Brown & Dunn*, for apellant, cited Cummings v. Powell, 8 Texas, 80; Kilgore v. Jordan, 17 Texas, 355; Stuart v. Baker, 17 Texas, 417; Bingham v. Barley, 55 Texas, 281.

No briefs for appellee have reached the Reporter.

WILLIE, CHIEF JUSTICE. Appellees brought this suit against Vogelsang to recover an undivided one-sixth interest in two tracts of land lying in Fayette county. Defendant pleaded a general denial, claimed that he was sole owner of both tracts, and asked that he be quieted in the title and possession of the same. Judgment was rendered for the appellees for one-eighth of one of the tracts, and commissioners were appointed to partition it. From this judgment the present appeal was taken.

The cause was submitted to the judge, who found that the plaintiffs had no interest in one of the tracts mentioned in the petition; and, as to the other tract, found substantially as follows: That it had been the community property of Levi Hart and his wife. That Mrs. Hart died, leaving four children to inherit her community half of the land, of which children Mrs. Null was one. That on October 2, 1883, Martha Null, then Martha Hart, being unmarried and only nineteen years of age, signed and acknowledged a deed conveying the land to F. A. Edwards, for the consideration of twelve hundred and eighty dollars cash and notes for three hundred and eighty dollars. This deed had previously been signed by her father, her stepmother, her sisters and their husbands. Previous to acknowledging the deed, she had been urged by some of the grantors of the instrument to declare to the officer who should take her acknowledgment that she was twenty-one years of age. This she refused to do; but when the officer asked her age, "one of these grantors spoke ahead of her and said that she was over twenty-one years old." She made no reply, but remained silent and signed the deed.

On October 11, 1883, she signed and acknowledged another

deed for the same lands, in company with the grantors of the former instrument, and the husband of one of her sisters, who had not signed the former deed. This last conveyance was acknowledged by her without anything being said as to her age, by herself or any one else. Her father and brother-in-law delivered these deeds to Edwards, and received from him the consideration for the land. No part of it was ever paid to Mrs. Null, or reached her in any way. The appellant holds the land under Edwards.

We can not regard this as a case where an infant has induced another person to receive a deed upon a false representation made by her that she was of full age at the time of executing the instrument. Granting that we are to treat as her own the undisputed statement, made in her presence by another, that she was twenty-one years of age, there is nothing in the record to show that Edwards, the grantee, was misled by her conduct, and induced thereby to receive the deed, and pay the purchase money of the land.

He does not seem to have asked any questions about the matter. The two deeds with the signature of Mrs. Null attached to them, were tendered to Edwards by Mrs. Null's father and brother-in-law, and he seems to have accepted them without a question, and to have paid the purchase money to the party from whom he received the deeds. He was not present when they were signed, and does not appear to have directed any inquiries to be made as to the capacity of Mrs. Null to make a valid conveyance. The officer put the question to her as to how old she was, but it does not appear that in so doing he was acting on behalf of the grantee in the deed. The law did not of itself constitute him agent of the grantee, and the finding of the court does not show that he had been requested by anybody to make the inquiry. He doubtless asked the question because he conceived it his duty as an officer not to take the acknowledgment of a minor to a conveyance of land.

For these reasons we must regard the deed as one executed by the minor without any false representations made to the grantee in reference to her age, and received by him without making any inquiry whatever upon this subject. Under the decisions of this court the deed was voidable at the instance of the minor upon attaining her majority. (Cummings v. Powell, 8 Texas, 81; Kilgore v. Jordan, 17 Texas, 341; Baker v. Stuart, Id., 417; Bingham v. Bailey, 55 Texas, 281.) According to these decisions it was

necessary however, for her to tender to the appellant any pur-
chase money she may have received for her interest in the land.

The district judge's finding is, that no part of the purchase
money ever reached Mrs. Null, either by payment or otherwise.
The appellant, however, contends, that by returning the deeds to
her brother-in-law to be handed to Edwards, she made him her
agent to receive her portion of the consideration, and the case
must be treated as if it actually came to her hands. But this
proposition necessarily involves the principle that an infant may
bind himself by the acts of an agent, so that they can not be
disaffirmed upon his reaching full age, which is contrary to the
settled law upon this subject.

He can not make an agent to perform an act to his own in-
jury; he may constitute one to do an act for his benefit. (Story
on Agency, section 9; 2 Kent's Commentaries, 236.) Whether
the act be beneficial or injurious is left to the discretion of the
infant when he arrives at full age, for then he is considered
in law as capable of exercising a proper judgment upon the
question. He must then elect to affirm or avoid it, as he may
do in reference to other acts done in infancy which are voidable
in their nature. (Whitney v. Deutch, 14 Massachusetts, 457.)

The law disables infants from making binding contracts, in
order to save them from imposition. This object would not be
attained if they could place their property in the hands of agents,
who could dispose of it in a manner not permitted to the infants
themselves. The selection of a proper agent requires the exer-
cise of as much discretion as the making of a contract. To bind
an infant by the act of an agent when he could not be bound if
the act were done by himself, is to allow him to be overreached
indirectly, and do away with the safeguards provided by law
for his protection.

Here the agent received Mrs. Null's share of the purchase
money of the land, but did not pay it over to her. The pur-
chaser of the land placed it in the power of the agent to do her
this injury, and ran the risk of her receiving the money, or of
her disaffirming the agency altogether. She disaffirmed both
the sale of the land and the authority of the agent to receive the
money for her by commencing this suit, and in our opinion the
court did not err in allowing her to recover the judgment ren-
dered in her favor, and the judgment is affirmed.

*Affirmed.*

Opinion delivered March 4, 1887.