SALSER et al. v. BARRON et al.

(Court of Civil Appeals of Texas. Amarillo. March 30, 1912.)

1. PUBLIC LANDS (§ 173*)—TEXAS SCHOOL LANDS—ACTION—PLEADING—ABANDONMENT.

In an action to disaffirm a conveyance of public school lands made by plaintiff when an infant, allegations in the petition of plaintiff's purchase from an individual and plaintiff's occupancy thereafter for a couple of months, but not showing whether plaintiff's grantor had purchased from the state, or the length of his occupancy of the land, are insufficient to show plaintiff's abandonment of such lands within three years, so as to forfeit her title.

[Ed. Note.—For other cases, see Public Lands, Cent. Dig. §§ 544–551; Dec. Dig. § 173.*]

2. INFANTS (§ 31*) — CONVEYANCE—DISAFFIRMANCE—QUESTION FOR JURY—TIME FOR BRINGING ACTION.

The question of what is a reasonable time within which to bring a suit to disaffirm a conveyance made in infancy is one of fact.

[Ed. Note.—For other cases, see Infants, Cent. Dig. §§ 46, 50–63; Dec. Dig. § 31.*]

3. INFANTS (§ 31*)—ACTION TO DISAFFIRM CONVEYANCE—REASONABLE TIME.

In an action to disaffirm a conveyance made by plaintiff in infancy, plaintiff alleged a pur-

chase of the land with her own personal property, possession thereafter, and her conveyance, induced by coercion on the part of her father, and for a consideration paid to her father, and that an action to disaffirm would have been brought before but for her father's statement that to do so would result in his arrest and imprisonment, and his threats to disown her and not to let her see her mother or brothers and sisters. *Held,* on demurrer, that on the facts alleged it could not be said, as matter of law, that plaintiff's failure to institute suit earlier barred her right to disaffirm the conveyance.

[Ed. Note.—For other cases, see Infants, Cent. Dig. §§ 46, 50–63; Dec. Dig. § 31.*]

4. INFANTS (§ 31*) — CONVEYANCE — DISAFFIRMANCE—RETURN OF CONSIDERATION.

Where no part of the purchase money is received by an infant as consideration for a conveyance, he may maintain an action to disaffirm the conveyance without tendering a return of the purchase money.

[Ed. Note.—For other cases, see Infants, Cent. Dig. §§ 46, 50–63; Dec. Dig. § 31.*]

Appeal from District Court, Dawson County; Jas. L. Shepherd, Judge.

Suit by Eva Gaines Salser, joined by her husband, against C. A. Barron and others. Demurrers to petition sustained and suit dismissed, and plaintiffs appeal. Reversed and remanded.

Jno. B. Howard, of Midland, A. L. Green, of Stanton, and Graham B. Smedley, of Midland, for appellants. Beal & Beal, of Sweetwater, for appellees.

GRAHAM, C. J. This suit originated in the district court of Dawson county by appellants Eva Gaines Salser, joined by her husband, E. G. Salser, suing C. A. Barron, J. F. Barron, Delia E. Pollard, and her husband, W. W. Pollard, to set aside a deed executed by the said Eva Salser during her minority, and which was executed on the 5th day of May, 1904, wherein certain lands were conveyed to C. A. Barron, the lands being state school lands, situated in Dawson county and fully described in the petition; the petition having been filed on June 21, 1909.

Among other things, the defendants interposed general and special demurrers, which were sustained by the court, and, the plaintiffs having declined to amend, the suit was dismissed.

Appellants, in their petition, alleged, in substance, that Eva Gaines Salser was born on the 21st day of December, 1884, and was married to her husband and coappellant, E. G. Salser, on the 7th day of March, 1906; that on or about the 18th day of March, 1904, while she was living with her father, W. E. Gaines, with her own personal property she purchased from one Aker the lands described in the petition; that immediately after her said purchase she, together with a younger brother and sister, moved upon the land and made her home thereon; that her said father was opposed to said removal, and at once began trying to find a purchaser for the land, and thereafter found a purchaser in the person of C. A. Barron; that by force, threats, and fraud on the part of her said father, with the full knowledge of C. A. Barron, she was induced, on the 5th day of May, 1904, in consideration of $2,000, all of which was paid to her father by said C. A. Barron, and no part of which had ever been received by her, to convey the lands to said Barron, and thereafter she returned to her home with her father; that for the same reasons that prompted her in making the conveyance to Barron she had been deterred from disaffirming the conveyance until the institution of this suit.

The petition failed to set out facts, if any, legally sufficient to constitute fraud or physical force; but it was alleged that the plaintiff, Eva Salser, over her objection, was coerced by her father into executing the deed, her father threatening to disown her if she failed to do so; and allegation was further made that she would have long since brought her action to disaffirm but for the fact that her father threatened that if she did do so it would result in his being arrested and placed in jail. Her father also threatened that he would disown her and cease to recognize her as his child, and would refuse to let her come upon his premises or see her mother or her brothers or sisters, if she disaffirmed said sale. Allegation being further made that she was informed by her father and believed that she would get him into serious trouble, which would result in his imprisonment for the rest of his natural life, and that she was so scared and frightened that she did not even tell her husband about the facts until a short time before the institution of the suit, when she ascertained that her father would be in no danger, and this suit was thereupon filed.

The material question presented on this appeal is whether the trial court acted correctly in sustaining the general demurrer to appellant's petition.

[1] Appellees contend, first, that the acts of the trial court were proper, for the reason that the petition discloses the fact that the lands in controversy are public free school lands; and, as the petition shows on its face that appellant abandoned the same, however she may have been induced so to do, it divested her of all title, and the cases of Bourn v. Robinson, 49 Tex. Civ. App. 157, 107 S. W. 873, and Andrus v. Davis, 99 Tex. 303, 89 S. W. 772, are cited in support of that contention. Appellant's petition, however, fails to show whether the three years actual occupancy required by our school land law had or had not been completed. The allegation being in effect that Eva Gaines Salser had purchased the land from Aker and moved thereon; but there is no allegation as to when Aker purchased from the state, nor the length of time he occupied the lands.

All legal intendments being in favor of the petition, it cannot be said that appellant's title was forfeited because of unoccupancy; and, as the record is before us, it becomes unnecessary for·us to decide what would be the effect upon her rights if it should appear that appellant had ceased to occupy the lands, as alleged, before the completion of the three-year period of occupancy.

[2, 3] Appellees further insist that it conclusively appears from appellant's petition that the suit to disaffirm comes too late. The rule in this state on this question is that the suit to disaffirm must be brought within a reasonable time; and the question of what is a reasonable time, under all the facts and circumstances, is one of fact to be found or passed upon by a court or a jury. Searcy v. Hunter, 81 Tex. 644, 17 S. W. 372, 26 Am. St. Rep. 837. This being true, we think the trial court was in error in sustaining the general demurrer under the circumstances alleged, which on demurrer must be accepted as true, as it cannot be said, as a matter of law, from the facts alleged that appellant's failure to institute this suit earlier bars her right to disaffirm her deed. This must be determined by the court or jury after the consideration of all the facts and circumstances admitted in behalf of the parties relating to that issue.

[4] Contention is made by appellees that the trial court correctly sustained the general demurrer, because appellant's pleading fails to tender return of the purchase money; we think this contention not sound, inasmuch as the petition alleges that no part of the purchase money had ever been received by, for, or on behalf of Eva G. Salser. Bullock v. Sprowls, 93 Tex. 188, 54 S. W. 661, 47 L. R. A. 326, 77 Am. St. Rep. 849; Vogelsang v. Null, 67 Tex. 465, 3 S. W. 451.

Because the trial court erred in sustaining the general demurrer to appellant's petition, the cause will be reversed and remanded; and it is so ordered.