Turney v. Railroad.

JOHN E. TURNEY, JR., *v.* MOBILE & OHIO RAILROAD
COMPANY.*

(*Jackson.* April Term, 1913.)

1. **ACCORD AND SATISFACTION. Set aside without infant's
   return or tender of consideration received, where same has
   been expended, wasted, or squandered.**
   An infant may disaffirm the settlement of a personal injury claim,
   and sue for the damages, without returning or tendering the
   consideration received by him in accord and satisfaction thereof,
   where the same has passed from his hands, either by expendi-
   ture or waste during his minority; for to hold otherwise would
   be practically to debar him from the protection of his infancy
   and against the effects of his folly and indiscretion, and to
   thwart or circumvent the safeguards intended for his protec-
   tion, and to protect the person so dealing with the infant in dis-
   regard of the rules laid down for the protection of infants
   against the effects of their folly and indiscretion. (*Post, pp.*
   675-677.)

   Cases cited and approved: Nichol v. Steger, 6 Lea, 393; Lane
   v. Dayton, etc., Co. 101 Tenn., 581; MacGreal v. Taylor, 167
   U. S., 688; Craig v. Van Bebber, 100 Mo., 584; Worthy v. Oil
   Mill, 11 L. R. A. (N. S.), 692, notes; Wuller v. Grocery Co., 241
   Ill., 398; Putnal v. Walker, 61 Fla., 720; Englebert v. Prichett,
   26 L. R. A., 177, note.

2. **SAME. Same. Infant may avoid settlement of personal
   injury claim, without returning or tendering consideration
   received by his mother, as next friend or parent.**
   An infant may disaffirm the settlement of a personal injury claim,
   and sue for the damages, without returning or tendering the
   consideration paid to his mother, who joined in the settlement

---

* On the question of the necessity of returning consideration in
order to disaffirm infant's contract, see note in 26 L. R. A., 177.

127 Tenn.—43.

Turney v. Railroad.

and received a lump sum for her loss of the services of the infant plaintiff during his minority, and of his claim for personal injuries, without defining any particular portion as his; for, whether the mother had authority, as next friend or parent, to enter into the settlement for the minor, the rule is that, where the consideration was not paid to the infant, but to the parent, the infant is under no obligation to return or tender such consideration in order to disaffirm the settlement. (*Post*, p. 678.)

Cases cited and approved: Green v. Perkins, 3 Lea, 491; Cody v. Iron Co., 105 Tenn., 516; Railroad v. Lasca, 79 Kan., 311; Griffis v. Younger, 41 N. C., 520; Stull v. Harris, 51 Ark., 294; Vogelsang v. Null, 67 Tex., 465.

3. SAME. Same. Same. Infant sustaining personal injuries lacks capacity to consent to or direct payment, or to receipt for same.

An infant sustaining a personal injury lacks legal capacity to consent to or direct payment in settlement therefor to his mother, or to execute a receipt to the wrongdoer, in settlement thereof. (*Post, pp.* 678, 679.)

Case cited and approved: Vogelsang v. Null, 67 Tex., 465.

---

FROM MADISON.

---

Appeal from the Circuit Court of Madison County to the Court of Civil Appeals, and by writ of *certiorari* from the Court of Civil Appeals to the Supreme Court. —N. R. BARHAM, Circuit Judge.

T. W. POPE and W. H. BRIGGS, for plaintiff.

BOND & BOND and L. M. McCOY, for defendant.

Turney v. Railroad.

MR. JUSTICE WILLIAMS delivered the opinion of the Court.

The arguments of the attorneys in this case relate to two phases of the law bearing on an infant's disaffirmance of his contract of settlement of a personal injury claim, pleaded as an accord and satisfaction.

The first phase involves a point discussed, but that may be said to have been by way of *obiter*, or to have been reserved from decision, in the case of *Lane* v. *Dayton, etc., Co.*, 101 Tenn., 581, 48 S. W., 1094, whether an averment that the consideration, received by the infant in satisfaction, had been expended or was not on hand, will excuse tender or return of the amount, so as to enable him to maintain the suit.

Judge Snodgrass there said that:

The "general rule is well stated in the editor's first note to the case of *Englebert* v. *Pritchett*, 26 L. R. A., 177, as follows: 'The rule which comes the nearest to being general is that all consideration which remains in the infant's possession upon his reaching majority, or at the time of an attempted disaffirmance in case he is still under age, must be returned, but that disaffirmance will not be defeated by inability to return what he has parted with prior to such time. He will not be permitted to regain what he parted with, or refuse payment while still possessed of what he received. There have been many distinctions attempted between executory and executed contracts, and between seeking relief at law and in equity; but, with only a few exceptions, the rule

as stated above has governed the decision, regardless of the facts relied on as distinguishing facts. There is no substantial ground for a distinction as to the rule to be applied, although there may be as to the manner of its application.'

"On the merits, as to refunding or tendering, with some distinctions as to time and special facts, the Tennessee cases, so far as they go, rightly understood, are in accord."

The learned judge having thus just pointed out that the rule was applicable alike at law and in equity, then cites an equity case, *Nichol* v. *Steger*, 6 Lea, 393, where it was said:

"It is earnestly urged, however, that the infant, in a court of equity, must return the property before he can disaffirm the contract. We need but say that where the property is in his possession, or he still has it, so that the court can compel him so to do, he will be required to return it, as one of the terms on which the court gives relief from an improvident contract, or one made by a party under the disability of infancy.

"But where he has parted with the property, or it is destroyed, then it is impossible to administer this equity. To hold that in such a case, when the infant is sued for the price, he might defend against his liability on the contract, but is to be held responsible as for a tort in converting the property, would be practically to debar him from the plea of infancy as to his unauthorized contracts, unless he was prepared to place the vendor *in status quo* by a return of the property."

That what was said in *Lane* v. *Dayton, etc., Co.* was sound, and supported by a decided weight of authority, is shown, not only by the case and annotations therein more immediately referred to, but also by *Craig* v. *Van Bebber,* 100 Mo., 584, 13 S. W., 906, 18 Am. St. Rep., 569, and notes 618, 659; *Worthy* v. *Jonesville Oil Mill,* 11 L. R. A. (N. S.), 692, notes; *Wuller* v. *Chuse Grocery Co.,* 241 Ill., 398, 89 N. E., 796, 28 L. R. A. (N. S.), 128, 132 Am. St. Rep., 216, 16 Ann. Cas., 522; *Putnal* v. *Walker,* 61 Fla., 720, 55 South., 844, 36 L. R. A. (N. S.), 33; 18 Am. & Eng. Ency. L. (2d Ed.), 293; 22 Cyc. 614-616.

The supreme court of the United States, after a review of the authorities, said: "If the consideration has passed from his [the infant's] hands, either wasted or expended during his minority, he is not thereby to be deprived of his right or capacity to avoid his deed, any more than he is to avoid his executory contracts." *MacGreal* v. *Taylor,* 167 U. S., 688, 17 Sup. Ct., 961, 42 L. Ed., 326.

It is true, as argued by counsel for defendant company, that the rule here announced puts it in the power of a minor to perpetrate a fraud; but this can only occur in instances where the person liable or sued has precedently proceeded in disregard of other rules laid down for the protection of infants against the effect of their folly and indiscretion, which safeguards would be subject to be thwarted in effect, or circumvented, were the contention of defendant company adopted.

Looking to the case on its other phase, and to the facts as they appear, even on the construction placed thereon by the defendant company, the same result would be reached. The settlement sum of $1,500 was turned over to the plaintiff's mother, under a receipt to defendant company, signed by herself and the plaintiff, in satisfaction of her claim for loss of the services of plaintiff during minority, and of his claim for personal injuries, but without any attempt to define any particular portion as his. No part of it passed into the hands of plaintiff, or became subject to his disposal, though the delivery of a check therefor to his mother, as payee, was by his direction. The proceeds were used by the mother.

Passing the question of lack of authority of a mother, as next friend or parent, to enter into a settlement for the minor (*Green* v. *Perkins*, 3 Lea, 491; *Cody* v. *Iron Co.*, 105 Tenn., 516, 58 S. W., 850; *Mo. Pac. R. Co.* v. *Lasca*, 79 Kan., 311, 99 Pac., 616, 21 L. R. A. [N. S.], 338, 17 Ann. Cas., 605), the rule seems to be well established, on authority as well as on reason, that where the consideration is not paid to the infant, but to the parent, the infant is under no obligation to make a tender in return in order to disaffirm. *Griffis* v. *Younger*, 41 N. C., 520, 51 Am. Dec., 438; *Stull* v. *Harris*, 51 Ark., 294, 11 S. W., 104, 2 L. R. A., 741; *Vogelsang* v. *Null*, 67 Tex., 465, 3 S. W., 451, and cases cited in notes, 18 Am. St. Rep., 689, 26 L. R. A., 183.

The infant lacked legal capacity to consent to or di-

Turney v. Railroad.

rect payment to the mother, as well as capacity to execute the receipt to defendant company. *Vogelsang* v. *Null*, supra.

Writ of *certiorari* to review the judgment of the court of civil appeals denied.

MR. JUSTICE BUCHANAN dissents.