COX v. W. A. CHANSLOR & SON et al. (No. 5558.)

(Court of Civil Appeals of Texas. Austin. Dec. 22, 1915.)

PARENT AND CHILD ⬥=12—CONTRACT BY MINOR—LIABILITY OF PARENT.

A father was not liable on a note and mortgage executed by his minor son in payment for a buggy, where he did not authorize the execution of such instruments and received no part of the consideration.

[Ed. Note.—For other cases, see Parent and Child, Cent. Dig. §§ 141–144; Dec. Dig. ⬥=12.]

Error from Bell County Court; W. S. Shipp, Judge.

Action by W. A. Chanslor & Son against G. W. Cox, Sr., and another. Judgment for plaintiff against the defendant named, and such defendant brings error. Affirmed in part, and in part reversed and rendered.

See, also, 170 S. W. 120.

Clem C. Countess, of Belton, for plaintiff in error.

KEY, C. J. W. A. Chanslor & Son brought this suit against G. W. Cox, Sr., and G. W. Cox, Jr., and sought to recover upon a note for $85, and to foreclose a mortgage upon certain personal property, shown by an affidavit filed in this court to be of the value of $150. The defendant G. W. Cox, Sr., answered by general exception and general denial, and defendant G. W. Cox, Jr., pleaded his infancy in avoidance of the contract, and the defendants also pleaded in reconvention for a rescission of the contract, and to recover $35 paid to plaintiff thereon. The case originated in a justice of the peace court, and was appealed to the county court, where it was tried without a jury and a judgment rendered against the defendant G. W. Cox, Sr., on the note sued on, and that the plaintiff recover nothing as against G. W. Cox, Jr., and that the defendants take nothing by their plea in reconvention; and the defendant G. W. Cox, Sr., has brought the case to this court by writ of error.

The note and mortgage sued on were not executed by G. W. Cox, Sr., but were executed by his minor son G. W. Cox, Jr., and the clear and undisputed proof, coming from both sides, shows that G. W. Cox, Sr., never authorized the execution of the note, and neither did nor said anything to induce Chanslor & Son to accept the note and mortgage, nor did he receive any part of the consideration for which those instruments were executed, which was a buggy sold to G. W. Cox, Jr. Hence we hold that the judgment appealed from is not only without evidence to support it, but is contrary to the undisputed testimony coming from both sides; and, this being the case, the judgment as between G. W. Cox, Jr., and Chanslor & Son is affirmed, but the judgment in favor of the latter and against G. W. Cox, Sr., is set aside, and judgment is here rendered for the latter.

Affirmed in part, and in part reversed and rendered.