## McKNIGHT CHEVROLET CO. v. STRAHAN.
### (No. 1747.)

Court of Civil Appeals of Texas. Beaumont.
Nov. 10, 1928.

Rehearing Denied Nov. 21, 1928.

Greve & Tucker, of Nacogdoches, for appellant.

Seale & Denman, of Nacogdoches, for appellee.

O'QUINN, J. Appellant sued appellee, E. L. Strahan, in the justice court of Nacogdoches county, Tex., to recover on a note for the sum of $292.75, less a credit of $152, and to foreclose a chattel mortgage on a Ford automobile given to secure the payment of said note.

D. S. Strahan, father of E. L. Strahan, by leave of the court, appeared as next friend of appellee, and answered that on March 1, 1927, the date E. L. Strahan executed the note and mortgage in question, said E. L. Strahan was a minor, and incapable of entering into the contract alleged by appellant; that said E. L. Strahan had paid to appellant the sum of $152 on said note; that the car in question and upon which appellant sought to foreclose a mortgage lien had been sequestrated by, and was then in the possession of, appellant, and tendered same back to appellant; that the car sold to appellee was not a necessary for appellee, and prayed for judgment that the contract of purchase between appellant and E. L. Strahan be held for naught, and that the note sued on be canceled, and that appellee recover of appellant the sum of $152, the amount he had paid to it on said note, and for general and equitable relief.

The trial of the cause in the justice court resulted in a judgment in favor of appellee against appellant for $152, the amount he had paid to appellant on the note, and canceling the note sued on. From this judgment appellant appealed to the county court of Nacogdoches county.

In the county court the case was tried to the court without a jury, and judgment rendered against appellant in its suit on the note and in favor of appellee against appellant for $152, the amount appellee had paid on the note, and canceling the note in question. From this judgment appellant brings this appeal.

At request of appellant, the court filed his findings of fact, in which he found: (a) That appellant sold to appellee, E. L. Strahan, an automobile, taking in part payment the note sued on; (b) that E. L. Strahan had paid to appellant the sum of $152 on said note; (c) that E. L. Strahan was under the age of twenty-one years at the date of the sale to him of the car and at the time he paid the $152 on the note and at the time of the trial; (d) that, at the time the car was sold to E. L. Strahan, he was a minor, living with his father, D. S. Strahan; (e) that, before the car was sold to E. L. Strahan, his father, D. S. Strahan, told the agent of appellant who sold the car to E. L. Strahan not to sell the car to his said son; (f) that, after the filing of the suit, appellant took possession of the car by writ of sequestration, and that it has had possession of said car ever since, and that same was tendered back to appellant; (g) that no fraudulent representations were made by E. L. Strahan to appellant in purchasing the car in question, and that no fraud was committed on appellant.

There is also in the record a complete statement of facts, duly agreed to by the parties and approved by the court, which amply supports the court's findings. Upon these findings, the court concluded as a matter of law that the note sued on should be canceled, and that E. L. Strahan, through his father, as next friend, should recover of appellant $152, the money paid by him to appellant on the note, and judgment was rendered accordingly.

This case is ruled by the case of Standard Motor Co. v. Stillians (Tex. Civ. App.) 1 S.W. (2d) 332. The facts in that case and the instant case are very similar, and the questions of law the same. Application for a writ of error in the Stillians Case was dismissed by the Supreme Court. On the authority of that case, the judgment here must be affirmed, and it is so ordered.

Affirmed.