**RUTHERFORD et al. v. HUGHES et al.**

**No. 6013.**

Court of Civil Appeals of Texas. Amarillo.
March 13, 1950.

Rehearing Denied April 17, 1950.

Sturgeon & Ewing, Pampa, and Simpson, Clayton & Fullingim, Amarillo, for appellants.

John F. Studer, Pampa, and F. H. McGregor, Amarillo, for appellees.

STOKES, Justice.

On January 7, 1948, the appellants, M. M. Rutherford and Haskell Dill, who were partners and doing business under the trade name of Rutherford Enterprises, sold to the appellee, Billie Pete Hughes, certain amusement equipment consisting of ball marble tables, grip scale machines and other similar articles. As consideration for the equipment appellee paid $2,000 in cash and executed a combination chattel mortgage and note for the sum of $5,566.38, payable in sixty-seven weekly installments of $83.08 each. Appellants required a cash payment of $3,000 and, to make up the difference between that amount and the amount of cash paid by appellee, appellant M. P. Downs paid to appellants Rutherford and Dill $500 in cash and cancelled a claim against them of $500 brokerage commission due him as commission for making the sale to the appellee. As evidence of, and to secure, this indebtedness, a notation was inserted in the mortgage-note that "The last

$1226.38 of this note is payable to M. P. Downs at Pampa, Texas." Appellee was a minor, 18 years of age, when the transaction occurred; nevertheless, he made twenty or more payments on the note as the installments fell due and, on January 28, 1949, through his father, W. W. Hughes, as his next friend, he filed this suit against appellants for cancellation of the note and recovery of the amount he had paid them, which he alleged to be $3,963.08. He based the suit upon his minority at the time the note and mortgage were executed and alleged his disaffirmance of the contract and his willingness to return to the appellants the property he had purchased from them.

In their answer appellants pleaded facts constituting the basis of an estoppel upon the ground that, to induce them to sell to him the amusement equipment, appellee fraudulently represented to them that he was more than twenty-one years of age; that he took possession of the property, used it and earned large sums of money; and that he had not, in good faith, tendered or restored the property to them.

The case was submitted to a jury upon a single special issue in answer to which the jury found that, under all the facts and circumstances admitted in evidence surrounding the signing of the chattel mortgage note, the appellee, Billie Pete Hughes, did not reasonably induce the appellants to believe that he was twenty-one years of age or more at the time of signing the instrument in suit. No other issues were submitted to the jury by the court, no additional issues were requested by either party, and no objections were urged to the special issue as submitted.

Based upon the verdict of the jury, the court rendered judgment in favor of the appellee, Billie Pete Hughes, against appellants M. M. Rutherford and Haskell Dill, for the sum of $3,744.68 and cancelled the note and chattel mortgage. The property purchased by the appellee was decreed to the appellants Rutherford and Dill, and the court found that appellant Downs had failed to support his counter-suit against appellee and therefore denied Downs any recovery. Appellants filed their motion for a

new trial which was overruled and they have brought the case to this court for review.

When properly analyzed, appellants' assignments of error present for our consideration three contentions. First, they contend that appellee's pleadings were not sufficient to constitute a tender or offer to restore the personal property which appellee had purchased from them, although it was still in his possession. Secondly, they contend that, under the pleadings and the evidence appellee was estopped from disaffirming the contract; and, thirdly, that the cause should be reversed because of improper and inflammatory argument made to the jury by appellee's counsel.

█ It has long been the established rule in this state that, with a limited class of exceptions, an infant's contracts are voidable at his instance, regardless of whether they are beneficial or injurious to him or not, and, if he still has the consideration or property received by him, he must restore it to the party with whom he contracted and from whom he received it. Prudential Building & Loan Ass'n. v. Shaw, 119 Tex. 228, 26 S.W.2d 168, 27 S.W.2d 157.

█ We think appellee's pleading was sufficient to constitute a tender or offer to restore the property. He alleged that he had theretofore tendered the property to appellants and that he was then ready and willing to return it to them. Moreover, before the suit was filed he had a conversation with appellant Rutherford in which he told Rutherford he wished to return the machines and all of the personal property listed in the mortgage. Rutherford admitted this and testified he would not accept it because appellee wanted his money back. After that conversation, on October 11, 1948, appellee's attorney wrote each of the appellants a letter in which he informed them he was representing appellee and demanded the return to appellee of the money he had paid to them. In this letter the attorney also offered to return the property to appellants. At no time did appellants signify their willingness to accept return of the property. The court found that appel-

lee had tendered all of it to appellants and it was decreed to them by the judgment. In our opinion the tender and offer to return the property was complete and effective and we find no error revealed by the assignments under appellants' first contention.

Appellants next contend that appellee was estopped from pleading infancy and demanding cancellation of the note and mortgage. This contention is based principally upon a recital in the instrument executed by appellee that "mortgagor herein expressly represents and covenants that he is over the age of twenty-one years and has' read the within instrument and agreed to all its terms."

█ It is well established by the decisions that a minor is not estopped by his acts which mislead another to the latter's injury unless the acts were intentional and fraudulent, and also unless the party with whom he deals relied upon such acts and conduct. Vogelsang v. Null, et al., 67 Tex. 465, 3 S.W. 451; Kilgore v. Jordan, 17 Tex. 341; Uhlmann Grain Co. of Texas v. Wilson, Tex.Civ.App., 68 S.W.2d 281.

██ The jury found that appellee did not reasonably induce the appellants to believe that he was twenty-one years of age or more at the time he signed the note and mortgage and the finding is amply supported by the testimony. Appellants Dill and Downs and also Mrs. Downs were present when the instrument was executed and they all testified that appellee and his father, W. W. Hughes, read the instrument or at least had it in their hands, looked at it, and the witnesses supposed they read it. This was denied by appellee and his father. Those witnesses also testified that Mrs. Downs asked her husband, appellant Downs, in the presence and hearing of appellee and his father, if W. W. Hughes was going to sign the instrument and that Downs' reply was that it was not necessary because "Billie Pete Hughes is of age, a man of his own and I have known his father here and have been in Eastern Star with him and know that he is a man that will see that his boy will carry out an obligation he makes." They further testified that, when Downs made that statement, W. W. Hughes stated

that he certainly would. It was further shown that appellants relied upon the silence of appellee and the fact that he did not respond in any way to the statement made by Downs. No witness testified that appellee made any positive statement to any one that he was of age. The statement in the chattel mortgage that the mortgagor was more than twenty-one years of age was in the printed portion of the document and, as far as the testimony showed, no one called it to the attention of Billie Pete or his father or made any reference whatever to it. While the special issue submitted to the jury was general in its nature, no objection was made to its form and, in our opinion, the finding of the jury resolved the entire question of misrepresentation and fraud against the appellants. Furthermore, the record shows that all of the property purchased from appellants by appellee was tendered back to appellants. There is no claim that it had been injured or damaged while in possession of the appellee nor that its value had diminished in any way. Whether it was in the same condition or not, however, in the absence of fraud, the minor has the right to disaffirm his contract to purchase and, when he does so, and still has possession of the property he procured under the contract, the seller must take it in the condition in which he finds it. Standard Motor Co. v. Stillians, Tex.Civ.App., 1 S. W.2d 332; McKnight Chevrolet Co. v. Strahan, Tex.Civ.App., 11 S.W.2d 259.

Appellants strongly urge that the pleadings of appellee were insufficient to constitute a legal tender or offer to restore to appellant Downs the $1,000 paid by him to appellants Rutherford and Dill as part of the original cash payment which they required of appellee and he was, therefore, not entitled to rescind the contract as to the indebtedness owing to Downs. As we have said, this $1,000 was composed of $500 in cash which Downs paid to Rutherford and Dill and the cancellation by Downs of his claim against them for $500 as brokerage commission for effecting the sale of the property to the appellee. Thus it conclusively appears that no part of the $1,000 ever went into the hands of the appellee

and the record shows that he did not have any portion of it at the time of the trial. Since the value of the property tendered to Rutherford and Dill is presumed to be equal to its value at the time appellee received it from them, the money paid by Downs was included in the value of the property tendered back to the appellants. Vogelsang v. Null, supra; Graves v. Hickman, 59 Tex. 381; Salser v. Barron, Tex.Civ.App., 146 S.W. 1039; Bullock v. Sprowls, 93 Tex. 188, 54 S.W. 661, 47 L.R.A. 326, 77 Am. St.Rep. 849.

The remaining contention made by appellants is that the judgment should be reversed because of improper and damaging argument made to the jury by appellee's counsel. We have carefully considered the statements and arguments made to the jury and, in our opinion, in view of the rulings of the court in response to appellants' objections, the contention does not present reversible error. The court very promptly instructed the jury not to consider the statements which the court considered improper and, in respect to two of them, counsel himself withdrew the argument and requested the jury not to consider it. One of the arguments made by counsel was a reference to counsel for appellants. He told the jury that one of counsel for appellants represented insurance corporations and that he was a good lawyer; that he had an office in Amarillo; and that counsel making the argument was just a country lawyer, trying to do his best. Objection to this argument was overruled by the court but we find nothing in it which we consider injurious even if it could be said that it was improper. These contentions were included in appellants' motion for a new trial and were overruled. Such matters are largely within the discretion of the trial court as, manifestly, they should be, and, as a general rule, cases will not be reversed for improper argument unless the appellate court is convinced the trial court abused its discretion by the action taken in response to objections made by opposing counsel. Emberlin v. Wichita Falls, R. & Ft. W. Ry. Co., Tex.Com.App., 284 S.W. 539.

We have carefully considered all of the assignments and points of error presented by appellants and, in our opinion, none of them reveals reversible error. The judgment of the court below will, therefore, be affirmed.