Weldon JAMES, Jr., Appellant,

v.

James W. BARNETT, d/b/a South East Motors, Appellee.

No. 16738.

Court of Civil Appeals of Texas.

Dallas.

June 10, 1966.

Rehearing Denied July 1, 1966.

R. L. McSpedden, Dallas, for appellant.

Esir Tobolowsky, Dallas, for appellee.

DIXON, Chief Justice.

This is an appeal from a summary judgment in favor of appellee James W. Barnett, who was defendant in the trial court. The judgment was that appellant, plaintiff in the trial court, take nothing by his suit.

On January 18, 1964 appellant Weldon James, Jr., an unmarried minor, twenty years of age, filed suit against appellee, a used car dealer, for rescission of a contract for the purchase of an automobile and for return of the purchase price, $2,700 cash. In his original petition appellant pleaded a tender of return of the car to appellee and appellee's refusal thereof.

In his amended petition appellant pleaded that while he was still a minor he had sold the car for $2,175 to a third person and the proceeds had been applied to the payment of a mortgage against the car. He had kept the car five months and had made monthly payments on the mortgage totaling $680.72. This sum together with the $2,175 received from the sale of the car paid off the mortgage. Nevertheless, appellant prayed for rescission and for a return to him by appellee of the full amount of the purchase price, $2,700.

In his answer appellee pleaded that appellant had fraudulently represented that he was twenty-one years of age, which he looked to be; that the automobile was a necessary purchased by appellant for use as transportation to and from his employment with Central Freight Lines; that appellant had never made a proper tender of the return of the automobile; that he sold the car after he became twenty-one years of age; that he had ratified the contract; and was estopped to disaffirm it.

The record discloses that when appellant bought the car he did not have the money to pay for it. However, he had been employed at Central Freight Lines for three years and was earning $70 per week. Arrangements were made with Central Federal Credit Union to lend appellant the full purchase price of the car, $2,700. Appellant signed a note and mortgage in that

amount. This information was made known to appellee, who accordingly drew a draft on the Credit Union through a Waco bank for the full purchase price. The draft was paid and the money deposited to appellee's account. Title papers were made out to appellant as owner, showing the Credit Union as mortgagee.

Appellee bases his motion for summary judgment on two grounds: (1) that appellant admitted he sold the automobile for $2,175, but has not made a tender of the proceeds of said sale either to appellee, or into the registry of the court; and (2) appellant never at any time paid to appellee any money or other property for the automobile.

In his two points on appeal appellant says he was under no duty to tender to appellee or into the registry of the court the proceeds of the sale of the automobile, which proceeds were used to pay off the mortgage; and that the money received by appellee in payment of the purchase price of the car was paid by appellant.

In his two counterpoints appellee asserts (1) that appellant was legally obligated to restore the automobile to appellee as a condition precedent to recovery and the sale of the automobile by appellant defeats any recovery as a matter of law; and (2) that upon rescission of a contract by a minor, he can recover only what he parted with, not what another advanced or paid for his benefit; therefore appellant, not having paid any money or anything of value to appellee, as a matter of law, is not entitled to recover.

■ The burden was on appellee to show that the record presented no material issues of fact. In the record before us appellee has failed to establish conclusively that there are no issues of fact.

There is evidence that at the time appellant purchased the car, at the time he sold it and at the time he filed this suit he was a minor.

■ Though there are exceptions, the general rule is that a minor may repudiate his contract for the purchase of personal property and is entitled to the return of the money he has paid under the contract. Prudential Bldg. & Loan Ass'n v. Shaw, 119 Tex. 228, 26 S.W.2d 168 (Comm.App., opinion adopted); McKnight Chevrolet Co. v. Strahan, 11 S.W.2d 259 (Tex.Civ. App., no writ hist.); Cox v. W. A. Chanslor & Son, 181 S.W. 560 (Tex.Civ.App., no writ hist.); Jones v. State, 31 Tex.Cr.R. 252, 20 S.W. 578; 30 Tex.Jur.2d 678. And this has been held to be the rule even when the minor cannot tender return of the property because he has squandered or dissipated it. Bullock v. Sprowls, 93 Tex. 188, 54 S.W. 661, 47 L.R.A. 326; Uhlmann Grain Co. of Texas v. Wilson, 68 S.W.2d 281 (Tex.Civ.App., error dism.); Rutherford v. Hughes, 228 S.W.2d 909 (no writ hist.); 30 Tex.Jur.2d 691–692, 693.

■ We think that legally speaking appellant did receive the proceeds resulting from his sale of the automobile. The money was paid to the mortgagee and credited to appellant, thus extinguishing the debt and mortgage. Under the facts developed in connection with appellee's motion for summary judgment and in the light of the authorities cited above, we hold that appellant's failure to tender the proceeds to appellee or into the registry of the court did not entitle appellee to a summary judgment.

We do not agree with appellee when he says that he received no money from appellant. The latter borrowed the amount of the purchase price from Central Federal Credit Union, signing a note and mortgage for the loan. The fact that appellee then drew a draft on the Credit Union, which draft was honored, does not make the payment any the less a payment by appellant to appellee.

We sustain appellant's two points on appeal. Of course, we cannot foresee what additional evidence may be adduced in a full development of the facts at a trial on

the merits. Therefore, in reversing this summary judgment we make no holding with reference to appellee's pleaded defenses of fraud, ratification, and estoppel in a trial on the merits or his defense that the automobile was a necessary for appellant in transporting him to and from his employment. And we withhold any comment concerning appellant's claim that he is entitled to have the full amount of the purchase price, $2,700, returned to him by appellee.

The judgment of the trial court is reversed and the cause remanded to the trial court for further proceedings.

Reversed and remanded.