Margaret LeAnn RIMES, Plaintiff,

v.

CURB RECORDS, INC. and LeAnn Rimes Entertainment, Inc.,
Defendant.

No. CIV. A. 300–CV–2504R.

United States District Court,
N.D. Texas,
Dallas Division.

Jan. 10, 2001.

George Tomas Rhodus, Looper Reed Mark & McGraw, Dallas, TX, for Margaret LeAnn Rimes.

Monroe David Bryant, Jr., Hughes & Luce, Dallas, TX, for Curb Records, Inc.

### MEMORANDUM OPINION AND ORDER

BUCHMEYER, Chief Judge.

Plaintiff Margaret LeAnn Rimes ("LeAnn Rimes" or "Ms. Rimes") seeks a declaratory judgment against Defendant Curb Records Inc. ("Curb") to disaffirm a recording contract she entered into as a minor on April 27, 1995. This Court has diversity jurisdiction pursuant to 28

U.S.C.A. § 1332. Now before this Court is Defendant's Motion to Dismiss, or in the alternative, Motion to Transfer Venue, pursuant to Rule 12(b) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1404(a) and § 1406. For the reasons stated below, Defendant's Motion to Dismiss is **DENIED** and its Motion to Transfer Venue is **GRANTED**.

## STATEMENT OF FACTS

*(To be sung to the tune of LeAnn Rimes, "How Do I Live." © & ® 1997 Curb Records, Inc.)*

LeAnn Rimes

A very rich and famous star

Wasn't so rich in times afar

But what a talent she had!

Enter Curb [1]

To sign a contract, they hoped

After her talent they scoped

They saw the cash in her eyes

But LeAnn

Who at twelve was hardly dumb herself

Wanted to retain her future wealth

Oh

If you could have seen

Baby those attorneys changed everything

But so many lines!

They missed one thing.

CHORUS # 1:

Why did you sign, LeAnn Rimes? [2]

So long ago

Off on that choice of forum? [3]

Your attorneys didn't know?

They made lots of changes, but one thing survived....

Forum clause, to that clause, what weight do we give?

*INSTRUMENTAL INTERLUDE*

**VERSE # 3:**

Many times

Back and forth from judge to attorney [4]

Both in Texas and in Tennessee [5]

There was so much to review.

And LeAnn

With a guardian to oversee [6]

1. Repeat Verse One Instrumental for this section

2. On April 27, 1995, Ms. Rimes entered into a recording contract with Defendant Curb Records, Inc. On that day, Ms. Rimes assigned her rights and obligations under the contract to her company, LeAnn Rimes Entertainment, Inc., a corporation wholly owned by herself.

3. As neither party disputes, the recording contract contains a forum selection clause that reads: "This agreement shall be construed in accordance with the laws of the State of Tennessee applicable to agreements entered into and to be wholly performed therein. Any and all actions, proceedings, or claims relative to this agreement shall be brought before a court of competent jurisdiction in Davidson County and the courts sitting in the State of Tennessee shall have exclusive jurisdiction over all disputes hereunder." *See* Petition for Declaratory Judgment and to Disaffirm Minor's Contracts, Joint App. p. 27.

4. Several courts evaluated this contract. First, the parties sought judicial approval of the contract in the 160th Judicial District of Dallas County, Texas on June 1, 1995. In that proceeding, guardian ad litem Susan Bruning was appointed to ascertain Ms. Rimes individual interests outside of her parents, and Ms. Bruning apparently negotiated several changes to the contract in Ms. Rimes' interest. *See* Curb Records' Motion to Transfer, p. 2.

5. On June 1, 1995, the parties obtained an order from the 160th Judicial District affirming the validity of Ms. Rimes' recording contract as a minor. *See* Findings of Fact and Conclusions of Law, 160th Judicial District, Dallas County, Texas, Joint App. p. 57–60. In addition, both parties sought and obtained an order in the Chancery Court of Davidson County, Tennessee to remove Rimes' disability as a minor for the sole purpose of entering into the recording contract. *See* Rimes Petition to Remove the Disability of Minority, Joint App. p. 70; *see also* Order of the Chancery Court of Davidson County, Tennessee, Joint App. p. 73.

6. As previously stated, the 160th Judicial District in Dallas appointed Susan Bruning as Ms. Rimes' guardian ad litem to oversee the contract procedure and negotiate on her behalf.

She disavowed her own minority [7]

Oh

Now she believes

Her age will invalidate everything [8]

She ever signed

We must decide

**CHORUS # 2:**

How do we read the forum clause?

Binding or no?

How could she see, at age twelve

Or truly know

That the Curb–Rimes relations, would never survive?

Forum clause, to that clause, how much weight do we give? [9]

## LEGAL ANALYSIS

*(To be sung to the tune of LeAnn Rimes, "I Need You" ®2000, Curb Records, Inc.)*

The law ain't clear on lots of things

Sometimes it tells you nothing

To their arguments the parties cling

You never know what motions bring

But we've got all we need to decide on this venue

Forum selection clauses, they point us towards the truth

**CHORUS # 1:**

That Venue! A clause, clear to all to see

That Venue! It says "go to Tennessee."

There's a freedom of contract, that carries on to

The Venue

**VERSE # 2:**

State courts never liked these things

They never found them valid [10]

But revolution the High Court can bring

Changed that policy—the High Court did

They first upheld a forum clause, in admiralty [11]

Then they pushed the holding, to cases in diversity [12]

---

7. *See* Rimes Petition, Joint App. p. 70.

8. In response to Curb's Motion to Dismiss or Transfer, Ms. Rimes' foremost argument is that the contract is void because she signed it as a minor, and that she has the absolute right to disaffirm the contract, and all the provisions within, if she does not ratify it after reaching majority. *See* Rimes' Response to Motion to Transfer, p. 2. This Court acknowledges that under Texas law, this presumption is generally true. *See Rutherford v. Hughes*, 228 S.W.2d 909, 911 (Tex.Civ.App.—Amarillo 1950, no writ.) However, this fact alone does not dispose of the transfer motion; *see infra.* n. 16.

9. In Curb's Reply brief and in supplemental filings, the parties also dispute whether or not Rimes has ratified this contract upon reaching majority. As discussed *infra*, n. 20, we need not address this aspect of the litigation to properly decide the venue question.

10. *See, e.g., M/S Bremen v. Zapata Off–Shore Co.*, 407 U.S. 1, 9–10, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972). ("Forum selection clauses have historically not been favored by American courts. Many courts, federal and state, have declined to enforce such clauses on the ground that they were 'contrary to public policy' or that their effect was to 'oust the jurisdiction of the court.' ")(citing Annot., 56 A.L.R.2d 300, 306–320 (1957)).

11. *See id* at 15, 92 S.Ct. 1907. ("The correct approach would have been to enforce the forum clause unless Zapata could clearly show that enforcement would be unreasonable and unjust, or that the clause was invalid for such reasons as fraud or overreaching. Accordingly, this case must be remanded.") Although this case is an admiralty case, the Fifth Circuit has applied *The Bremen* dicta to motions to transfer in numerous diversity cases. *See, e.g., Seattle–First Nat'l Bank v. Manges*, 900 F.2d 795, 799 (5th Cir.1990); *In re Fireman's Fund Ins. Cos.*, 588 F.2d 93, 95 (5th Cir.1979). This case also stands for the proposition that forum selection clauses are "prima facie valid." *See Carnival Cruise Lines Inc. v. Shute*, 499 U.S. 585, 589, 111 S.Ct. 1522, 113 L.Ed.2d 622 (1991).

12. *See Stewart Organization, Inc. v. Ricoh Corp.*, 487 U.S. 22, 33, 108 S.Ct. 2239, 101 L.Ed.2d 22 (1988)(Kennedy, J. concurring.) ("Although our opinion in *The Bremen* . . . .involved a Federal District Court sitting in admiralty, its reasoning applies with as much force to federal courts sitting in diversity.")

**CHORUS # 2:**

Then came *Shute!* [13]   Slip-and-fall, while on a cruise

That darn *Shute!*   Filed in Washington, they lose

The ticket said "you come to Florida, if you want a suit"

That darn *Shute*

Although the majority refused to consider the direct question of the transferability of *The Bremen* dicta to federal diversity cases, see *Ricoh* 487 U.S. at 28–29, 108 S.Ct. 2239, most federal courts in the Fifth Circuit have followed Justice Kennedy's lead in deciding motions to transfer in diversity cases. *See supra,* n. 11; *see also Texas Source Group Inc. v. CCH Inc.* 967 F.Supp. 234 (S.D.Tex.1997). After determining that 28 U.S.C. § 1404(a) controls the question of forum selection and the viability of forum selection clauses, rather than state law, *see id.* at 32, 108 S.Ct. 2239, the *Ricoh* court interpreted § 1404(a) as mandating district courts to undertake a "flexible and individualized analysis" to motions to transfer, "encompass[ing] consideration of the parties' private expression of their venue preferences." *Id.* at 29–30, 108 S.Ct. 2239.

13. *Carnival Cruise Lines v. Shute,* 499 U.S. 585, 111 S.Ct. 1522, 113 L.Ed.2d 622 (1991). In response to Rimes' claims that § 1404(a) factors weigh heavily in her favor, *Shute* effectively dismisses the most salient of them, and is particularly instructive when determining the proper weight this Court should afford the plaintiff's original choice of forum and the convenience of the forum to the plaintiff. In that case, a nonnegotiated Forum selection clause printed on the back of a cruise ticket prevented an ordinary, unfamous female plaintiff located in Washington to bring a negligence claim against the cruise line anywhere other than Florida. Fortunately, Ms. Rimes has the resources necessary to litigate anywhere in the world. The Shutes were not as fortunate: "There, [in *Shute* ] the Court enforced a forum selection clause against an unsophisticated cruise ship passenger, notwithstanding the disparity in the parties' bargaining power and the fact that the contract had not been subject to negotiation." *Haynsworth v. The Corporation,* 121 F.3d 956, 965 (5th Cir.1997)(upholding the validity of a similar forum selection clause.)

14. *See Ricoh, supra,* at 30 n. 11, 108 S.Ct. 2239. "The district court must also weigh in the balance the convenience of the witnesses and those public-interest factors of systemic

**VERSE # 3:**

Now LeAnn has arguments
That there's a balancing of interests [14]
That her case has a twisted bent
That her minor status ends this mess

■   But minority can't void this clause before the case is tried [15]

■   And the Fifth Circuit has spoken, balancing tests won't fly [16]

integrity and fairness that, in addition to private concerns, come under the heading of the interests of justice." *See also International Software Systems Inc. v. Amplicon, Inc.,* 77 F.3d 112, 115 (5th Cir.1996). "It should weight in the balance a number of case-specific factors, of which the forum selection clause is a 'significant factor that figures centrally in the district court's calculus.' " (citing *Ricoh,* 487 U.S. at 29, 108 S.Ct. 2239).

15. As previously stated, Ms. Rimes' main argument in response to Curb's transfer motion is that the entire contract, including the forum clause, is void because she entered into it as a minor. *See* Rimes' Response to Curb Records Inc.'s Motion to Dismiss or Transfer Venue, p. 2. However, until and unless she successfully voids the declaratory order of the Tennessee Chancery Court disaffirming her minor status on July 5, 1995, this Court must afford full faith and credit to the judgment of that court. *See* 28 U.S.C. § 1738; *see also Hazen Research Inc. v. Omega Minerals Inc.,* 497 F.2d 151 (5th Cir.1974) ("Under the compulsion of this statute federal courts are required to give full effect to the final judgment of state courts, subject only to narrowly circumscribed areas of collateral attack.")(citing *Midessa Television Co. v. Motion Pictures for Television,* 290 F.2d 203 (5th Cir.1961)). For the purposes of determining venue at this early stage in the litigation, this Court will not adjudicate this case on the merits before the order removing the disability of Rimes' minority is properly challenged in the Tennessee state court system. As this Court does not yet view Rimes as a minor at the time the contract was signed, her defense of minority fails, and the proper weight to afford this particular forum selection clause under § 1404(a) is the only remaining legal issue.

16. Fifth Circuit law on the impact of negotiated forum selection clauses mandates transfer in this case. See, *e.g., Haynsworth,* 121 F.3d at 963. "The presumption of enforceability [of Forum selection clauses] may be over-

**CHORUS # 3:**

Through and through! *Mitsui*[17], *Amplicon*,[18] *Kessmann*[19]

Require proof! She's not met the burden.

While there's freedom as a judge, reinventing the rule

I won't do.

## CONCLUSION

*(Also to be sung to the tune of LeAnn Rimes, "How Do I Live." © & ®1997, Curb Records, Inc.)*

How Do I

Deem this forum the right place

If I were to sit and hear this case

What kind of judge would I be?

Although I

Would love to meet LeAnn Rimes

It's gonna have to be another time.

Oh

This case must now leave [20]

Baby you must take away everything

Away from my court

I order now

**CHORUS:**

This case now lives in Tennessee [21]

Following *Ricoh* [22]

The Middle District of Tennessee

Not because I say so.

'Cause forum clauses forever, ever survive!

'Cause that's the way, that's the way, that's the way the law is.[23]

**IT IS SO ORDERED.**

come...by a clear showing that the clause is 'unreasonable under the circumstances.' (citing *The Bremen*, 407 U.S. at 10, 92 S.Ct. 1907.) Unreasonableness potentially exists where (1) the incorporation of the forum selection clause was the product of fraud or overreaching; (2) the party seeking to escape enforcement 'will for all practical purposes be deprived of his day in court' because of the grave inconvenience and unfairness of the selected forum; (3) the fundamental unfairness of the chosen law will deprive the plaintiff of the remedy; or (4) enforcement of the Forum selection clause would contravene a strong public policy of the forum state" (citing *Shute*, 499 U.S. at 595, 111 S.Ct. 1522). Assuming all facts in Rimes' favor, this Court finds none of these provisions fulfilled. She does not allege fraud or duress; she clearly has the means to litigate in Tennessee, and she neither raises any novel points of Tennessee law that disfavor her, nor points to a specific Texas public policy that will suffer at the hands of the Tennessee federal court.

17. *Mitsui & Co. Inc. v. Mira M/V.* 111 F.3d 33, 35 (5th Cir.1997)("The Supreme Court has consistently held forum selection clauses presumptively valid...the burden of proving unreasonableness [in a forum selection clause] is a heavy one.") Simply, Ms. Rimes has not met her burden of proof that this forum selection clause was unreasonable or

drastically works against the interests of justice.

18. *Supra*, n. 15.

19. *Kessmann and Associates Inc. v. Barton–Aschman Associates, Inc.*, 10 F.Supp.2d 682, 688. (S.D.Tex.1997)("Valid forum selection clauses must receive controlling consideration 'in all but the most exceptional cases' ")(citing *Ricoh*, 487 U.S. at 32, 108 S.Ct. 2239.)

20. As full faith and credit requires this Court to accept Rimes' majority for the purposes of the recording contract at the time the contract was signed, we need not address the question of whether Rimes has or has not ratified the contract after reaching actual majority in the year 2000 in order to find the forum selection clause enforceable.

21. Dismissal of this action under 28 U.S.C. § 1406 is improper, as there is an appropriate federal forum to hear this action in accordance with the contract's terms. *See Tel–Phonic Services, Inc. v. TBS Int'l Inc.*, 975 F.2d 1134, 1141 n. 7 (5th Cir.1992).

22. 487 U.S. 22, 108 S.Ct. 2239, 101 L.Ed.2d 22 (1988)

23. Credit for both the words and the lyrics in this opinion goes entirely to my law clerk, Elizabeth Falk, who is now a devoted LeAnn Rimes fan.