## WHITE *v.* BRANCH.

MINOR.—*Contract.*—*Recovery of Property Sold or Exchanged.*—An infant may recover possession of personal property sold or exchanged by him, without returning the money or property received therefor; therefore, it was no defence to an action by an infant to recover possession of a horse, that another horse received by him in exchange therefor had been so misused by him that, though sound and of equal value with the horse given by him in exchange at the time of the transaction, it became unsound and of no value, and that afterwards the plaintiff offered to rescind, then making known his infancy to the defendant, who had no knowledge thereof at the time of the exchange.

From the Madison Circuit Court.

*W. R. Pierse* and *H. D. Thompson*, for appellant.

*M. S. Robinson*, for appellee.

DOWNEY, J.—The appellant, at the time an infant, but now of age, by his next friend, sued the appellee, in replevin,

for the recovery of a mare, and there was judgment against him.

The following is the second paragraph of the answer:

" And for further answer, the defendant says that before this suit commenced, said defendant and said John M. White made a certain trade and exchange of horses, whereby the plaintiff then and there exchanged to the defendant the mare mentioned in said complaint for a horse then and there owned by the defendant, which said animals were then and there delivered in said exchange, which trade and exchange was then and there made in good faith upon the part of the defendant, without any information or knowledge that he, the said John M. White, was an infant under the age of twenty-one years; that the horse so delivered and exchanged to said White was, at the time of such exchange and delivery, sound and of equal value with the mare so received from said White in exchange therefor; that after said trade and exchange, the said White so misused and mistreated said horse so received from the defendant that said horse became diseased, unsound and of no value ; that after said horse became so diseased, unsound and of no value, under the usage and treatment of the said John M. White, he, the said John M. White, made known his infancy to said defendant, and then and there sought to rescind said contract and resume the possession of said mare, so delivered by him to the defendant, as aforesaid. Wherefore," etc.

This answer was held to be a good bar to the plaintiff's action, and the ruling of the court on this point, with other rulings, is assigned as error.

There is no brief for the appellee, and we do not know on what ground the ruling of the circuit court was made. We think, however, that it cannot be sustained. The infant was not bound to return the horse, which he received of the defendant, even in his damaged condition, to entitle him to recover the mare in question. Had he sold the animal in question to the defendant for money, and had he used the money, he would not, according the decisions of this court, money, he would not, according to the decisions of this court,

have been bound to refund the money, to enable him to disaffirm his contract. The cases are collected in *Carpenter* v. *Carpenter*, 45 Ind. 142, an authority which is decisive of the case before us.

The judgment below is reversed, with costs, and the cause remanded, with instructions to sustain the demurrer to the second paragraph of the answer, and for further proceedings.