House v. Alexander.

No. 12,300.

## HOUSE v. ALEXANDER.

INFANT.—*Contract.—Purchase of Personal Property.—Rescission.—Recovery of Money Paid.*—An infant who has purchased an unnecessary article of personal property, may rescind the contract and recover the money paid.

SAME.—*Horse not a Necessary.*—A horse purchased by an infant who is engaged in farming is not a necessary.

SAME.—*Ratification.*—An infant can not be held to have ratified the contract because the property is still retained by him, after he has done all in his power to secure a rescission, and has brought suit for that purpose.

SAME.—*Tender.*—Where a tender is made, and a reason is given for its rejection which shows that a further tender would be fruitless, none other need be made.

From the Decatur Circuit Court.

*J. S. Scobey,* for appellant.

*J. D. Miller* and *F. E. Gavin,* for appellee.

ELLIOTT, J.—The first paragraph of the appellee's complaint alleges that he is an infant; that he bought of the defendant a horse for which he paid one hundred and fifty dollars; that he tendered back the horse to the defendant and demanded the return of his money; that the purchase of the horse was not for his benefit. Prayer for a rescission of the contract and the recovery of the money paid.

In support of the attack upon this paragraph of the complaint, appellant's counsel quotes from 1 Parsons on Contracts, 322, the following: " If an infant advances money on a voidable contract which he afterwards rescinds, he can not recover this money back, because it is lost to him by his own act, and the privilege of infancy does not extend so far as to restore this money unless it was obtained from him by fraud." This is not and never was the law. In *Shurtleff* v. *Millard,* 12 R. I. 272 (34 Am. R. 640), the court expressly repudiated Mr. Parsons' statement, saying : " He cites no authority. The doctrine so broadly laid down has been overruled by later authorities, and this passage has been condemned in *Robinson* v. *Weeks,* 56

Maine, 102, 104; still the last edition of the text-book takes
no notice of the fact." 1 Whart. Cont., section 47; *Sparman*
v. *Keim*, 83 N. Y. 245; *Cooper* v. *Allport*, 10 Daly (N. Y.),
352; *Carpenter* v. *Carpenter*, 45 Ind. 142; *White* v. *Branch*,
51 Ind. 210; *Dill* v. *Bowen*, 54 Ind. 204; *Indianapolis, etc.,
Co.* v. *Wilcox*, 59 Ind. 429; *Ayers* v. *Burns*, 87 Ind. 245 (44
Am. R. 759).

There is some conflict in the authorities as to whether an
infant may avoid a contract and recover the money paid upon
it without returning the property received by him, but there
is no substantial difference upon the proposition that where
he tenders back all that he receives, and seeks a recovery of
the money paid by him, he is entitled to recover it.   Our
cases, beginning as far back at least as *Miles* v. *Lingerman*, 24
Ind. 385, hold that there may be a recovery although the
property received is not restored, but in this instance our de-
cision stops far short of that, for here the contract was not
for the infant's benefit, and he offers to restore the property
received.

The theory of the third paragraph of the appellant's an-
swer is that the horse bought of him was a necessary, for the
reason that the appellee was engaged in farming, and needed
the horse in order to successfully carry on his business. This
theory is unsound.   The law does not encourage persons to
engage in business during non-age, but, on the contrary, its
policy is to keep infants from engaging in business until they
have attained full age, and upon this ground it is uniformly
held that articles purchased for business purposes, whether
that of agriculture or commerce, can not be deemed neces-
saries.   This is the law, as the courts declare, even though
the infant depends upon his business for support.   *Lowe* v.
*Griffith*, 1 Scott, 458; *Latt* v. *Booth*, 3 C. & K. 292; *Mason*
v. *Wright*, 13 Metcf. 306; *Merriam* v. *Cunningham*, 11 Cush.
40; *Decell* v. *Lewenthal*, 57 Miss. 331; *Grace* v. *Hale*, 21
Tenn. (2 Humph.) 28; 1 Rol. Abr. 729; Cro. Jac. 494.

Horses are not necessaries.   The court affirmed this gen-

eral rule in *Price et al.* v. *Sanders,* 60 Ind. 310, saying : " But it has been pithily and happily said that necessaries do not include horses, saddles, bridles, liquors, pistols, powder, whips and fiddles." A verdict awarding compensation against an infant for the hire of horses and gigs was set aside in *Harrison* v. *Fane,* 1 M. & G. 556, as perverse.

In *Wharton* v. *Mackenzie,* 5 Ad. & E. 606, COLERIDGE, J., very strongly declares that horses are not necessaries. The case of *Hart* v. *Prater,* 1 Jurist 623, can not be justly considered as an exception to the general rule, for, although it was there held that a horse was a necessary, it was so because the infant had been directed to use one by his medical adviser, Sir Benjamin Brodie. In such a case as that it may well be that a horse is a necessary in the same sense that medicines and medical services are necessaries.

We need not discuss the fourth, fifth and sixth paragraphs of the answer in detail, for what we have said disposes of the legal questions arising upon them.

The seventh paragraph of the answer alleges that the appellee ratified the contract after he became of age, but the facts stated do not sustain the conclusion of the pleader, and it is by the facts and not upon the conclusion that the sufficiency of the answer must be determined. The complaint avers that the appellee had disaffirmed the contract, had offered to restore the property, and had demanded the consideration paid for it, so that a mere retention and use of it after he attained majority can not be deemed a ratification. We think it perfectly clear that after an infant has done all in his power to secure a rescission and has brought suit to rescind the contract, he can not be held to have ratified the contract because the property is still retained by him. What more he could do to evidence his repudiation of the contract, or what more he could legally do towards putting it into the possession of the seller, we are at a loss to conjecture.

No objections to the testimony condemned by a general assertion are pointed out, and well settled rules forbid us from

searching for them.   If counsel expect to have objections considered they must specifically state in their brief what they are.

Sixteen days after the purchase of the horse the appellee took it and started to the appellant's house, but met the latter on the highway some distance from his house.   What occurred at that time is thus described by the appellee:  " I told Mr. House I had brought the horse back; he was not what I bought him for, nor what he represented him to be; I told him I wanted my money back; he said he would not give it; I got out and held the horse; Mr. House looked at the horse; he was afoot driving hogs; he said he would not take him; he said something about the horse being abused."   This evidence shows that the acts of the defendant excused a tender, for it is settled law that where a tender is made and a reason is given for its rejection, which shows that a further tender would be fruitless, none other need be made. *Hanna* v. *Phelps*, 7 Ind. 21; *Ætna Ins. Co.* v. *Shryer*, 85 Ind. 362, see p. 368.   Conceding, but not deciding, that a tender was necessary, the evidence shows that a sufficient one was made.

Judgment affirmed.

Filed Feb. 12, 1886; petition for a rehearing overruled April 14, 1886.