The Continental Insurance Company of New York v. Miller, Trustee.

No. 394.

## THE CONTINENTAL INSURANCE COMPANY OF NEW YORK v. MILLER, TRUSTEE.

INSURANCE.—*Fire.*—*Action on Policy.*—*Premium Note.*—*Sufficiency of Offer to Pay.*—*Authority of Agent to Receive.*—*Complaint.*— Where a policy of insurance provided that the company should not be liable for any loss that might occur while any premium note was past due and unpaid, and that all premiums or premium notes must be paid at its office in Chicago or in New York, or to an authorized person having such note in possession for collection, a complaint on the policy showed a substantial compliance with the terms of the contract as to payment of premiums which averred that the agent of the company at Logansport had on two former occasions collected premium instalments from the plaintiff, and that at and before the maturity of the instalment in dispute, the note for the same was in the possession of said agent at Logansport, and that on the day said instalment matured the plaintiff called on said agent, and asked him if he had the note, and informed him that he was ready and willing to pay the instalment due and had the money to do so, but that said agent told him he did not have the note. The averments of any subsequent tender having been made to other agents of the company should be treated as surplusage.

SAME.—*Tender After Maturity.*—*Sufficiency of.*—*Previous Delinquencies.*—*Immateriality of.*—In such an action where the proof showed that the tender was not made to the agent at Logansport until some months after the maturity of the premium instalment in dispute, but that it was made before the loss occurred, the failure to make the tender at maturity would not work a forfeiture of the policy, the contract of insurance only providing against liability if payment was deferred until after the loss had occurred. The fact that the plaintiff had failed upon previous occasions to pay at maturity was immaterial, as the evidence showed that after such delinquencies payment was made and accepted by the company.

TENDER.—*What is Sufficient to Constitute.*—To constitute a tender it is not always necessary to produce the money and count it out. If the money is present and the party ready and willing to pay and offers to do so, but the person to whom such offer is made, by his own conduct, prevents the completion of the tender, the party for whose benefit the money was offered can not be heard to say that the tender was not sufficiently specific.

From Cass Circuit Court.

## 554    APPELLATE COURT OF INDIANA,

The Continental Insurance Company of New York v. Miller, Trustee.

*M. B. Lairy,* —— *Bates,* —— *Barger,* —— *Harding, N. Morris, L. Newberger* and *J. B. Curtis,* for appellant.
*D. H. Chase* and *D. D. Fickle,* for appellee.

REINHARD, J.—Action by the appellee against the appellant on an insurance policy. Issues were joined, there was a trial by jury, and a verdict for the appellee for the full amount of the policy.

The first alleged error we are to consider arises upon the overruling of a demurrer to the second paragraph of the complaint. It is averred in this paragraph, in substance, that the appellee was the trustee of School township of Deer Creek in Cass county, Indiana, and as such had the care and management of the school-house and property described in the policy; that, on the 30th day of October, 1886, the appellant, in consideration of the payment of $13 in cash, and an instalment note of $32, due in payments of $8 each, on June 1st, 1887, 1888, 1889, 1890, as provided by the policy herewith filed, insured the appellee as trustee of said School township against loss or damage by fire to the amount of $800 on the school-house, and $200 on the other property to wit, school maps, globes, books, stoves, fuel and furniture, from the 23d day of October, 1886, to the 23d day of October, 1891; that the appellee has duly performed all the conditions upon his part to be performed, except as hereafter stated; that, on the 10th day of February, 1890, said school-house, together with the said other property, was totally destroyed by fire; that said school-house and other property insured were then owned by said School township, of Deer Creek, in said county and State, and were then and there of the aggregate value of $1,000, being $800 for the school-house and $200 for the other property insured; that no part of said insurance has ever been paid though long since due. Then follows an averment as to the proof of loss, which it is not necessary to report here, after which the pleader continues: "And the plaintiff further shows to the court that it

The Continental Insurance Company of New York v. Miller, Trustee.

was stipulated by said policy, as follows : ' But it is expressly agreed that this company shall not be liable for any loss or damage that may occur to the property herein , mentioned while any promissory note or obligation, or part thereof given for the premium, remains past due and unpaid. Payment of notes must be to the Continental Insurance Company, at its office in Chicago, Illinois, or its office in New York, or to an authorized person having such note in possession for collection.' And plaintiff further shows to the court that one Edgar Closson was the authorized agent of said company at Logansport, Indiana, and having said instalment note in his possession for collection, and to him the plaintiff paid the $8 due June 1st, 1887, and 1888 ; that afterward, to wit, from May 1, 1889, to October 1, 1889, inclusive, one Charles E. Hale, of Logansport, Indiana, was a duly authorized person to collect said instalment note aforesaid, and had said instalment note in his possession for collection ; that on the first day of June, 1889, the plaintiff called upon said Hale, of Logansport, Indiana, for the purpose of paying said instalment of $8 due on said premium note ; that said Hale then and there informed said plaintiff that he did not have said note in his possession, whereas, in truth and in fact, said Hale did then and there have said note in his possession for collection and so held it until October, 1889 ; that said Hale made said statement inadvertently, and not with any intention to deceive, but from forgetfulness ; that at the time said trustee called on said Hale for the purpose of paying said instalment he had the money with him, and was ready and willing to pay the same, and so informed said Hale ; that shortly after this interview with Hale, and before the loss, plaintiff called on Edgar D. Closson, former agent of said company, and made inquiry where he should pay said instalment of premium, but was not advised by him. Plaintiff avers that as soon as he was advised that one Briggs was the agent of said defendant at Logansport, Indiana, he called upon said Briggs, who was then and there an author-

ized agent for Cass county, Indiana, and tendered to him the amount of said instalment of premium, together with the interest thereon, to wit, $8.50, but said agent refused to accept the same. Wherefore plaintiff says the defendant is estopped from setting up such breach of condition, and has fully waived the same. Plaintiff now brings into the court for the use of the defendant the instalment due June 1, 1889, and the instalment due June 1, 1890, since the fire, and tenders the same in open court, to wit, the sum of $17; and plaintiff further shows to the court that it has been the custom of the defendant to place said instalment notes in the hands of their agent in Cass county, for collection, and acting upon such custom, the plaintiff paid their general agent in Cass county, Indiana, the instalment due June 1, 1887, and 1888, as well as the cash premium of $13; that plaintiff lived twelve miles from Logansport, Indiana, and relied upon such custom of the defendant theretofore acted upon by both the parties to this suit. Wherefore,'' etc.

It will be seen that by the terms of both the note and policy, the company expressly stipulates against liability in case any instalment of the premium remains due and unpaid at the time of any loss. The complaint shows that one of the instalments of the premium note was due and unpaid at the time the loss sued for occurred.

It is contended by the appellant that nothing has been pleaded to show any waiver of this condition, or estoppel, on its part, and that, therefore, the complaint on its face discloses a want of liability.

The company had the right, by the conditions of the policy, to insist upon payments being made at its office in Chicago or New York, or it could collect through some duly authorized agent at any place. The averment is, that upon two former occasions it had collected the instalments from the appellee, through its agent Closson, at Logansport. It is also alleged that at and before the maturity of the $8 instalment which fell due June 1st, 1889, the note was in the

The Continental Insurance Company of New York v. Miller, Trustee.

possession of Hale, appellant's agent, for the collection of said matured instalment. The appellee, having learned of this fact, it is averred, called upon Hale, at Logansport, and asked him if he had the note, and informed him that he was ready and willing to pay the instalment due, and had the money to do so, but that Hale told him he did not have the note. It is stated that this occurred on June 1st, 1889, the day the instalment matured, and that Hale was the duly authorized agent of appellant, and then and there had said note for the collection of said matured premium.

We are of the opinion that these averments show a substantial compliance, by the appellee, with his contract; indeed, we think that the facts stated are a sufficient plea of a tender of the money at maturity. To constitute a tender it is not always necessary to produce the money and count it out. If the money is present and the party ready and willing to pay, and offers to do so, but the person to whom such offer is made, by his own conduct, prevents the completion of the tender, the party for whose benefit the money was offered can not be heard to say that the tender was not sufficiently specific. *Mathis* v. *Thomas*, 101 Ind. 119 ; *Platter* v. *Board, etc.*, 103 Ind. 360; *House* v. *Alexander*, 105 Ind. 109 ; *Spurgeon* v. *Smitha*, 114 Ind. 453 ; *Adams Ex. Co.* v. *Harris*, 120 Ind. 73.

We think when the appellee had offered to pay the money due to the agent of the company, to whom the note had been entrusted for collection, he had done all he was reasonably required to do to keep the policy in force, and the averments of any subsequent tenders having been made to other agents of the company may be treated as surplusage.

If the appellant afterwards desired to collect the money which its agent failed and neglected to receive when offered him, we think it but reasonable that it should be required to make a demand for the same. An insurer can certainly not escape liability by a failure of the insured to comply with the conditions of the policy, when such failure was due to

The Continental Insurance Company of New York v. Miller, Trustee.

the insurer's own fault, and we think in the present case it sufficiently appears from the pleading under consideration that the appellee's failure to pay in time was due to the appellant's laches, in the refusal of its agent to receive the money, which must work an estoppel.

The appellee was not required to seek another agent after he had found the one who had the note, with ample authority for collection. Had he tendered the money at the Chicago office, when he knew Hale had the note for collection at Logansport, he could have been told with equal propriety that his money would not be received there but that he must pay it to the "duly authorized person" to whom the note had been sent, according to the provisions of the policy. We think that the facts pleaded abundantly show that the appellant was estopped from claiming a forfeiture.

Our conclusion is that the demurrer was properly overruled.

The sufficiency of the evidence to sustain the verdict is called in question. The appellee introduced evidence tending to prove all the material facts in the second paragraph of the complaint, except as to the time of the tender alleged. He showed that he did not make any effort to pay the instalment of premium due June 1, 1889, until October of the same year, and it is contended by appellant's counsel that this failure worked a forfeiture of the policy. We think the terms of the policy do not provide for an absolute forfeiture in case of non-payment. It is only if payment is deferred till after loss that the contract stipulates against liability. If the appellee had paid the amount due at any time after the maturity thereof, but before the fire there could be no question as to appellant's liability. The fact that payment was not actually made before the fire was according to the accepted evidence due to the fact that the appellant's agent did not receive such payment; that Hale had the note in his possession for collection is not denied; that appellee offered to pay it to him is testified to by the appellee and seems to

The Continental Insurance Company of New York *v.* Miller, Trustee.

have been believed by the jury. If Hale forgot he had the note, this was not the fault of appellee. The contract contained the stipulation that appellee might pay to any authorized person having the note in his possession. Hale was such authorized person and appellee therefore had the right to pay to him. We think, therefore, that the appellee did all he was reasonably required to do under the contract when he offered the money to Hale, as we must assume he did under the evidence. Had the policy provided for an absolute forfeiture in case of non-payment of the premium instalment at maturity, a different question would be presented. But the stipulation here in effect is only that there shall be no recovery if payment of any matured instalment is delayed until after a loss occurs. It can not be properly contended, therefore, that the policy had become void and lapsed after June 1, 1889, without reference to whether there was or was not any loss prior to payment or tender of the money.

We do not regard the question of tender after the fire of any importance. If there was a tender *before* the loss, though *after* the maturity of the premium instalment, the appellee had done all he could be required to do under the terms of the contract. Nor can the fact that the appellee had failed upon previous occasions to pay at maturity be material. While the evidence shows that there had been previous delinquencies it also shows that payment was made afterwards and accepted by the company. It can not now be heard to question the legality of such payment.

Some questions are presented upon the admission and exclusion of evidence and the refusal to give certain instructions requested. These questions, however, in so far as they are properly presented, have been disposed of by what has been said in the discussion of the other questions involved.

There is no available error.

Judgment affirmed.

Filed March 15, 1892; petition for a rehearing overruled May 14, 1892.