W. P. HOGUE et al., Appellants,

v.

Gordon WILKINSON, a Minor, by Next Friend, Appellee.

No. 6877.

Court of Civil Appeals of Texas.

Texarkana.

May 31, 1956.

John W. Hardy, Tyler, for appellants.

Pollard, Boulter & Pollard, Tyler, for appellee.

FANNING, Justice.

Gordon Wilkinson, a minor, by his Next Friend, Bert Wilkinson (his father), brought suit against W. P. Hogue and S. A. McCoy for the disaffirmance of two written contracts of the minor for the purchase of chinchillas, for the recovery of $1,850, paid by the minor, and for restoration of the remaining chinchillas to defendants. There were two written contracts between the minor and the defendants and each was for a pair of mated chinchillas. The first contract was executed on November 24, 1953, while plaintiff was 18 years of age; the second contract was executed on December 21, 1953, when plaintiff was 18 years of age; both of these contracts

were fully completed on December 2, 1954, when plaintiff was 19 years of age. The total consideration of $1,850 was paid by plaintiff to defendants on or before December 2, 1954. On March 29, 1955, plaintiff, still a minor, went to the place of business of defendants, disaffirmed his two written contracts with defendants, demanded and requested defendants to return the $1,850 consideration, which was refused, and tendered and offered the return of six living chinchillas (which included one surviving chinchilla of the $700 pair, both of the original chinchillas of the $1,150 pair, and three additional chinchillas being increase from the $1,150 pair) which was not accepted. On April 16, 1955, while a minor and by his next friend he filed his original petition in this suit wherein he again disaffirmed each of the written contracts and tendered and offered to return the surviving chinchillas.

Defendants filed an original answer in the nature of a general denial. Plaintiff filed a motion for summary judgment, supported by affidavits and supported by photostatic copies of his checks paid to defendants, endorsed by them. Defendants then filed their sworn first amended answer. Defendants also filed a motion for leave to file a third-party cross-action against Bert Wilkinson and wife, Mrs. Bert Wilkinson (parents of the minor) and against T. C. McClung (grandfather of the minor), which motion was denied by the trial court. The trial court after considering the pleadings, affidavits and exhibits in the record, entered a summary judgment in favor of plaintiff against defendants for $1,850, with interest and costs. Defendants have appealed.

Appellants' first and only point reads as follows: "Point One. The only point presented by this appeal is whether this case presents a dispute on a material fact issue." This point is rather general and abstract. Under their statement under this point appellants make 12 specific contentions which raise several separate and distinct questions of law. The authorities cited by appellants in their brief only deal with summary judgments generally and do not relate to the multiple legal questions raised by their 12 specific contentions. While we are inclined to the view that these 12 specific contentions contained under the general and abstract single point would make the same multifarious, and that appellants' brief is not in accordance with the briefing rules, nevertheless we have carefully and fully considered appellants' single point and the 12 contentions thereunder, and are of the opinion that same are not well taken as hereinafter more fully stated.

■ Both parties plead that the two written contracts were fully executed by both parties—plaintiff's sworn affidavit also states it. Appellants in their brief again state that each contract was fully executed. There is no merit in appellants' contention that there was a genuine issue of material fact as to whether the contracts were fully executed or not. Red River Valley Pub. Co. v. Bridges, Tex.Civ. App., 254 S.W.2d 854, wr. ref., N.R.E.; Uhlmann Grain Co. of Texas v. Wilson, Tex.Civ.App., 68 S.W.2d 281, wr. dis.

■ The minor not only personally disaffirmed the contracts by going in person to defendants' place of business, but he also specifically disaffirmed them in the original petition he filed in this suit, and also disaffirmed them again in the affidavit he filed in the suit. Under this record there was no substantial controversy upon a genuine issue of material fact concerning the disaffirmance of the written contracts in question by the minor plaintiff. Vogelsang v. Null, 67 Tex. 465, 3 S.W. 451; Prudential Building & Loan Ass'n v. Shaw, Tex.Com. App., 119 Tex. 228, 26 S.W.2d 168; Gage v. Menczer, Tex.Civ.App., 144 S.W. 717; Harris v. Musgrove, 59 Tex. 401; Clemmer v. Price, 59 Tex.Civ.App. 84, 125 S.W. 604, wr. ref.

■ Appellants' contentions that the minor plaintiff was equitably estopped to disaffirm, that the deaths of the chinchillas that died were proximately caused by the negligence of the plaintiff, and that plaintiff failed to prevent the destruction of the

chinchillas that died by reason of over-heating, do not raise legal defenses under this record and under the authorities here-inafter outlined.

■ The record shows that the minor plaintiff by two written contracts pur-chased from defendants the two mated pairs of chinchillas for $1,850, which con-sideration was paid to defendants. On December 1, 1954, when the chinchillas were removed from the premises of de-fendants by plaintiff, there were eight living chinchillas. Between December 1, 1954, and March 29, 1955, the date of plaintiff's first disaffirmance of the contracts in ques-tion, one of the original pair of the $700 pair of chinchillas died and one of the issue of the $1,150 pair of chinchillas had hung himself. On March 29, 1955, plaintiff ten-dered the remaining six living chinchillas to defendants but defendants refused to accept them. Between March 29, 1955, (the suit was filed April 16, 1955) and July 11, 1955, four of the remaining chinchillas died, leaving on the date of plaintiff's affi-davit (July 18, 1955) two living chinchillas. There were no allegations by defendants that plaintiff committed any fraudulent or intentional acts by reason of which he would be estopped to disaffirm. Defendants contend in essence that the minor plaintiff was negligent and that his negligence proximately caused the death of the chin-chillas, and that he could not restore the entire consideration, to-wit, all of the chin-chillas he received.

In Prudential Building & Loan Ass'n v. Shaw, Tex.Com.App., 119 Tex. 228, 26 S. W.2d 168, re-hearing denied in 119 Tex. 228, 27 S.W.2d 157, it was held that a minor shareholder could disaffirm a void-able contract for the purchase of shares and recover the full value paid in for such shares. On page 171 of the said opinion reported in Vol. 26 S.W.2d, the court stat-ed:

"Of course, he must restore the con-sideration received by him in its then condition, *if he still has it.* Also if the consideration received by the infant or minor has depreciated on account

of wear and tear *or is entirely lost,* nevertheless he is still entitled to re-cover the full amount of consideration paid by him." (Emphasis ours.)

In Garrard v. Henderson, Tex.Civ.App., 209 S.W.2d 225, 230, it is stated:

"'An infant is not liable in an ac-tion sounding in tort if the effect of holding him liable would actually con-stitute the enforcement of liability on contract, but he may be liable for a distinct and willful or positive wrong which is independent of the contract.' 43 C.J.S., Infants, § 89. 'A fraudulent act to render an infant chargeable therewith must be wholly tortious,— if the action is substantially grounded in contract, he is not liable.' 31 Cor-pus Juris, p. 1093, note 59(a); See, also, 43 C.J.S., Infants, § 90. It is elemental that a minor is not liable on his contracts."

In Rutherford v. Hughes, Tex.Civ.App., 228 S.W.2d 909, 911, it is stated:

"It is well established by the deci-sions that a minor is not estopped by his acts which mislead another to the latter's injury unless the acts were intentional and fraudulent, and also unless the party with whom he deals relied upon such acts and conduct. Vogelsang v. Null, 67 Tex. 465, 3 S. W. 451; Kilgore v. Jordan, 17 Tex. 341; Uhlmann Grain Co. of Texas v. Wilson, Tex.Civ.App., 68 S.W.2d 281."

■ We also think that appellants' con-tention that they were merely acting as agents for Hogue Chinchilla Ranch of Ir-ving, Texas, instead of as principals for themselves, is a matter that is not well taken and if true would not constitute a legal defense for them under this record. The written contracts in question were signed by W. P. Hogue and S. A. McCoy as Seller and was signed by Gordon Wil-kinson as Buyer. Our construction of the contracts is that by their plain terms Hogue and McCoy executed the same in their in-dividual capacities, and appellants in the statement of the nature of the case in their brief make the following statement:

*"Gordon Wilkinson, a minor,* attending Tyler Jr. College and nearing lawful age *purchased the two pair of Chinchillas from W. P. Hogue and S. A. McCoy, the Appellants,* then operating *the Royal Chinchilla Ranch in Tyler,* for the sum of Eighteen Hundred and Fifty and No/100 ($1850.00) Dollars." (Emphasis ours.)

■. Even if appellants were agents for Hogue's Chinchilla Ranch of Irving, Texas, (which contention would not be in harmony with the written contracts they signed in their individual capacities) under the facts in this record they would also be individually liable to appellee. In American National Bank of Houston v. American Loan & Mortgage Co., Tex.Com.App., 228 S.W. 169, 171, it is stated:

"An agent, although his agency is known and who has authority to bind his principal through contract, is not precluded from binding himself personally upon such contract. Where upon a construction of the contract it is determined that the agent has substituted his own responsibility for that of his principal, or has pledged his own responsibility in addition to that of his principal, he will be bound accordingly. His liability is not predicated upon his agency, but upon his contract obligations. 1 Mechem, Agency (2d Ed.) § 1419."

■ Appellants' contention that the chinchillas were "necessaries" for the minor for his college education we think is without merit. While we have not found any case which passes on the direct question of whether "chinchillas" are necessaries for a minor, we think the case of House v. Alexander, 105 Ind. 109, 4 N.E. 891, 892, where the Indiana Supreme Court held that a horse was not a "necessary" for a minor farmer, would be applicable to the question here. We quote from House v. Alexander, supra, as follows:

"The theory of the third paragraph of the appellant's answer is that the horse bought of him was a necessary, for the reason that the appellee was engaged in farming, and needed the horse in order to successfully carry on his business. This theory is unsound. The law does not encourage persons to engage in business during nonage, but, on the contrary, its policy is to keep infants from engaging in business until they have attained full age, and upon this ground it is uniformly held that articles purchased for business purposes, whether that of agriculture or commerce, cannot be deemed necessaries. This is the law, as the courts declare, even though the infant depends upon his business for support. Lowe v. Griffith, 1 Scott, 458; Latt v. Booth, 3 C & K 292; Mason v. Wright, 13 Metc. [Mass., 306] 308; Merriam v. Cunningham, 11 Cush. [Mass.] 40; Decell v. Lewenthal, 57 Miss. 331; Grace v. Hale, 21 Tenn. [27] 28; 1 Rol.Abr. 729; 2 Cro. 494. Horses are not necessaries."

Also in Sanger v. Hibbard, 8 Cir., 104 F. 455, 456, it is stated:

"The rule is well settled that an infant has an absolute right to disaffirm and avoid his contract for the purchase of property with which to enter into trade. He can repudiate his contract to pay for property purchased for such a purpose, and the seller has no redress, unless the property purchased remains in the possession and control of the infant."

■ We also think that there was no substantial controversy upon a genuine issue of material fact concerning the modification or merger of the written contract by an oral contract. Defendants in their first amended answer do not deny the terms of the written contracts but assert that by reason of provisions stricken from the contract (with reference to ranching the chinchillas) that they are ambiguous, and that an oral contract should be admitted to clarify its terms, and defendants asserted that the two written contracts did not constitute the full agreement of the parties because of the provisions stricken from

the contracts. We think the written contracts (with the ranching provision stricken therefrom) are clear and unambiguous. Both appellants and appellee allege that the same written contracts were executed. *Appellants did not plead the terms of the alleged oral agreement nor did appellants plead that there was any new or additional consideration for the execution of said alleged oral agreement.*

In Universal Credit Co. v. Cole, Tex.Civ. App., 146 S.W.2d 222, 225, it is stated:

"This does not mean, however, that such a contract may be changed or modified by mere idle conversation. The rule is well established that, in order to modify or materially change the terms of a valid contract by parol, the agreement, in order to be legal and binding upon the parties thereto, must be based upon a consideration. Otherwise, it is merely a nudum pactum and is afflicted with all of the infirmities of contracts or agreements generally that lack the essential element of a consideration."

In Bates Grain Co. v. Cassidy, Tex.Civ. App., 225 S.W.2d 1018, 1019, wr. ref., N. R.E., it is stated:

"In effect, contending that the court erred in finding that the contract sued on by the plaintiff includes terms and conditions substantially adverse to and in conflict with those of a prior subsisting contract between the parties, thus void for failure of consideration. Such contention is the crux to a determination of this appeal. If there was a prior concluded contract entered into by the parties, a subsequent contract on the same subject matter at variance with or contradictory to the prior subsisting contract, without new consideration, the subsequent contract is of no legal force or effect."

In Derrough v. Derrough, Tex.Civ.App., 264 S.W.2d 780, 782, writ ref., it is stated:

"No doubt there were negotiations leading up to the execution of the deed.

There always have to be oral understanding before a contract can be reduced to writing, or no one would know what to write into the contract, but when the agreement is finally reduced to writing and fully executed there is a presumption that all prior oral agreements are merged into and made a part of the written contract, and that any agreement not contained in the writing was not made or was abandoned before the execution of the written contract. If it were not for this presumption a written contract would have little value."

We also think that appellants' contentions to the effect that plaintiff's mother and grandfather executed the contract as agents for the minor and that the minor was accordingly bound, are not well taken in law nor are same well taken under the facts in this case. The contracts in question were both written and they were signed by defendants and by the minor. Neither the mother nor the grandfather signed the written contracts. Even if the mother and grandfather had signed the written contracts as agents of the minor plaintiff, such contracts would not have bound the minor if he wished to disaffirm. In Vogelsang v. Null, 67 Tex. 465, 3 S.W. 451, 452, it is stated:

"The law disables infants from making binding contracts in order to save them from imposition. This object would not be attained if they could place their property in the hands of agents, who could dispose of it in a manner not permitted to the infants themselves. The selection of a proper agent requires the exercise of as much discretion as the making of a contract. To bind an infant by the act of an agent, when he would not be bound if the act were done by himself, is to allow him to be overreached indirectly, and so do away with the safeguards provided by law for his protection."

We also think that there was no substantial controversy upon a genuine

issue of material fact as to whether the minor's mother and grandfather were principals to the contracts in question. The written contracts in question were not signed by either the grandfather or the mother, nor did plaintiff's father sign same. The minor alone and the two defendants signed the written contracts which we hold are clear and unambiguous. In fact, appellants in their brief state that the contract was executed by the defendants and by the minor plaintiff as hereinbefore quoted in this opinion. The terms of the alleged additional oral contract were not pleaded nor was there any pleading that such additional oral contract (the terms of which were not alleged) was executed for any consideration, either new or additional. Appellants also sought to bring a cross-action against the grandfather, mother and father of the minor, as third party defendants under Rule 38, T.R.C.P., apparently on the theory that the grandfather and mother of the minor, if they were not principals, they ratified and affirmed the contract of the minor and therefore became personally liable to defendants, but the trial court overruled this motion and they were not brought in as parties to the suit—consequently any cause of action that defendants might have against the mother, father and grandfather of the minor were not litigated in the summary judgment proceeding and such claims, if any, remain open. However, appellants have not brought forward any point contending that the trial court erred or abused his discretion in overruling the motion to bring in the mother, father and grandfather as parties to the suit. It has been repeatedly held that a trial court has great discretion upon questions of joinder of parties and causes of action, and of consolidation or separation of causes, more especially under Rules 37 to 43, 97 and 174, T.R.C.P. Wilson v. Ammann & Jordan, Tex. Civ.App., 163 S.W.2d 660, error dis.; Barbee v. Buckner, Tex.Civ.App., 265 S.W.2d 869, writ ref., N.R.E.

Appellants' other contentions with respect to damages and mitigation of damages are also clearly without merit under the authorities hereinbefore cited, to-wit:

Prudential Building & Loan Ass'n v. Shaw, supra, and Garrard v. Henderson, supra.

Appellants' point and the various contentions thereunder have been carefully considered, are deemed without merit, and are respectfully overruled. We think the trial court's rendition of the summary judgment in question was correct.

The judgment of the trial court is affirmed.

HALL, C. J., concurs.

DAVIS, J., dissents.