**Affirmed and Majority and Dissenting Opinions filed May 22, 2014.**



**In The**

# Fourteenth Court of Appeals

---

**NO. 14-13-00409-CV**

---

**PAK FOODS HOUSTON, LLC, Appellant**

**V.**

**MARISSA GARCIA, INDIVIDUALLY
AND AS NEXT FRIEND OF S.L., A MINOR, Appellees**

---

**On Appeal from the 151st District Court
Harris County, Texas
Trial Court Cause No. 2012-67637**

---

## M A J O R I T Y    O P I N I O N

PAK Foods Houston, LLC brings this interlocutory appeal from the trial court's order denying its motion to compel arbitration pursuant to the Federal Arbitration Act (FAA). *See* Tex. Civ. Prac. & Rem. Code § 51.016 (providing that matters subject to the FAA may be appealed under the same circumstances that an appeal from a federal court order is permitted by 9 U.S.C. § 16). PAK Foods argues the trial court abused its discretion in denying arbitration and S.L. did not prove a defense to the parties' arbitration agreement. We affirm.

# I. FACTUAL AND PROCEDURAL BACKGROUND

Appellees, Marissa Garcia, Individually and as Next Friend of S.L., a minor, filed the underlying personal injury suit alleging S.L. was injured while working for PAK Foods in its fast-food restaurant.[1] PAK Foods filed a motion to compel arbitration and stay trial proceedings.

In its motion, PAK Foods asserted that S.L. agreed to arbitration both by commencing work at the restaurant and by signing the Mutual Agreement to Arbitrate. The agreement states that "If Claimant receives notice of this Agreement prior to commencing work at Company, Claimant's commencement of work at Company shall constitute acceptance of the terms and conditions of this Agreement." In addition, "continuation of work" for three days after receipt of notice of the agreement constitutes acceptance of its terms and conditions. The arbitration agreement states that "Covered Claims shall be exclusively resolved by binding arbitration." "Covered Claims" are broadly defined:

> This Agreement is mutual, covering all claims that Company or Claimant may have which arise from: Any injury suffered by Claimant while in the Course and Scope of Claimant's employment with Company, including but not limited to claims for negligence, gross negligence, and all claims for personal injuries, physical impairment, disfigurement, pain and suffering, mental anguish, wrongful death, survival actions, loss of consortium and/or services, medical and hospital expenses, expenses of transportation for medical treatment, expenses of drugs and medical appliances, emotional distress, exemplary or punitive damages and any other loss, detriment or claim of whatever kind or character.

Appellees filed a response objecting to arbitration on the ground that S.L., a minor, did not sign the arbitration agreement and, if she did sign, she disaffirmed it by terminating her employment and filing suit, rendering the agreement void. PAK

---

[1] The parties state that PAK Foods is a nonsubscriber under the Texas Workers' Compensation Act. *See* Tex. Lab. Code § 406.002.

2

Foods replied to appellees' response, asserting that S.L. accepted and ratified its arbitration agreement by continuing her employment. After a non-evidentiary hearing, the trial court signed an order denying PAK Foods' motion to compel arbitration, as well as findings of facts and conclusions of law. PAK Foods filed a timely notice of accelerated appeal.

## II. GOVERNING LAW

Arbitration cannot be ordered in the absence of an agreement to arbitrate. *See Freis v. Canales*, 877 S.W.2d 283, 284 (Tex. 1994). Thus, despite strong presumptions that favor arbitration, a valid agreement to arbitrate is a settled, threshold requirement to compel arbitration. *See In re Kellogg Brown & Root, Inc.*, 166 S.W.3d 732, 737–38 (Tex. 2005) (orig. proceeding). Courts apply state contract law in determining whether there is a valid agreement to arbitrate. *See In re Rubiola*, 334 S.W.3d 220, 224 (Tex. 2011) (orig. proceeding). After a party seeking to compel arbitration has established that a valid arbitration agreement exists between the parties, the party seeking to avoid arbitration must then prove its defenses against enforcing an otherwise valid arbitration provision. *In re Odyssey Healthcare, Inc.*, 310 S.W.3d 419, 422 (Tex. 2010) (orig. proceeding).

Whether an arbitration agreement is enforceable is a question of law which is reviewed do novo. *J.M. Davidson, Inc. v. Webster*, 128 S.W.3d 223, 227 (Tex. 2003). When reviewing a denial of a motion to compel arbitration, if the court's factual findings are in dispute, we review the court's denial of the motion to compel under a legal sufficiency or "no evidence" standard of review. *J.M. Davidson, Inc.*, 128 S.W.3d at 227. We review any challenged findings by applying the same legal sufficiency standard used in reviewing jury findings. *Wiese v. Pro Am Servs., Inc.*, 317 S.W.3d 857, 860 (Tex. App.—Houston [14th Dist.] 2010, no pet.). When reviewing for legal sufficiency, we consider the evidence in the light most favorable to the finding and indulge every reasonable

inference that supports the challenged finding. *City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005). We credit favorable evidence if a reasonable factfinder could and disregard contrary evidence unless a reasonable factfinder could not. *Id.* If there is more than a scintilla of evidence to support the finding, the legal-sufficiency challenge fails. *BMC Software Belgium, N.V. v. Marchand*, 83 S.W.3d 789, 795 (Tex. 2002).

## III. DISCUSSION

PAK Foods raises two issues in this appeal. First, PAK Foods generally argues that the trial court abused its discretion in denying its motion to compel arbitration and stay trial court proceedings. In its second issue, PAK Foods argues that appellees did not prove any alleged defenses to enforcement of a valid arbitration agreement. We will address the issues together.

### A. *Is there an Agreement to Arbitrate?*

PAK Foods asserts there is an agreement to arbitrate for several reasons. First, PAK Foods refers to a document entitled "Important Acknowledgement," which appears to contain S.L.'s signature. The Important Acknowledgement recites: "I further acknowledge reading the injury claim process and agree to resolve any dispute arising through [*sic*] arbitration process." Although there are no signatures on the Mutual Agreement to Arbitrate, PAK Foods disputes the trial court's Finding of Fact Number 5, which states "[S.L.] did not sign the document titled 'Mutual Agreement to Arbitrate.'" PAK Foods asserts that the minor's signature on the Important Acknowledgement evidenced her agreement to arbitrate.[2]

PAK Foods also argues S.L.'s signature on the contract was not required for

---

[2] The Important Acknowledgement was included with the Mutual Agreement to Arbitrate as one exhibit to the Motion to Compel.

4

PAK Foods to enforce it; she accepted its terms by continuing her employment. An employer may enforce an arbitration agreement entered into during an at-will employment relationship if the employee received notice of the employer's arbitration policy and accepted it by continuing to work after knowledge of the policy. *In re Dallas Peterbilt, Ltd., L.L.P.*, 196 S.W.3d 161, 162 (Tex. 2006).

In addition, PAK Foods argues S.L. entered an implied contract to arbitrate because arbitration was part of the rules of her employment that she accepted by continuing her employment. It asserts that a minor may enter into a valid contract of employment with a stranger, whether express, implied, oral, or written. *See Pioneer Cas. Co. v. Bush*, 457 S.W.2d 165, 168 (Tex. Civ. App.—Tyler 1970, writ ref'd n.r.e.) (reversing summary judgment against insurer where fact issue existed whether minors were employees).

The dispositive issue in this case is the validity of appellees' asserted defense that S.L., as a minor, disaffirmed any arbitration agreement. Accordingly, we will assume without deciding that S.L. entered an agreement to arbitrate the underlying dispute and consider whether appellees' defense bars enforcement of the agreement.

### B. Was a Defense to Arbitration Established?

Federal law provides that arbitration agreements are governed by contract law and are subject to contract defenses. *See In re Poly-Am., L.P.*, 262 S.W.3d 337, 347 (Tex. 2008) (citing 9 U.S.C. § 2). Under the FAA, an agreement to arbitrate is valid if it meets the requirements of the general contract law of the applicable state. *In re AdvancePCS Health L.P.*, 172 S.W.3d 603, 606 (Tex. 2005) (orig. proceeding) (citing *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 944, 115 S.Ct. 1920 (1995)). The United States Supreme Court has emphasized that the FAA's purpose is to make arbitration agreements "as enforceable as other contracts, but not more so." *In re Merrill Lynch Trust Co. FSB*, 235 S.W.3d 185,

5

192 (Tex. 2007) (quoting *Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 404 n. 12, 87 S.Ct. 1801 (1967)). As the party opposing arbitration, appellees had the burden to prove any defenses to enforcement of the agreement. *In re AdvancePCS Health L.P.*, 172 S.W.3d at 607.

PAK Foods does not dispute the trial court's Findings of Fact Numbers 1–4, which state:

1. [S.L.] was born on September 7, 1995.

2. [S.L.] was a minor at all times that she worked at and was present at the KFC Restaurant operated by PAK Foods Houston, LLC.

3. [S.L.] was a minor on October 23, 2011, the date PAK Foods Houston, LLC claims that she signed the document entitled "Important Acknowledgment."

4. [S.L.] was a minor on the date she was injured at the KFC Restaurant.

Thus, it is undisputed S.L. was a 16 year old minor when the arbitration agreement was executed and she remained a minor during her employment by PAK Foods, including at the time of her injury. In Texas, the age of majority is 18 years. *See* Tex. Civ. Prac. & Rem. Code § 129.001.

It has long been the law in Texas that a contract executed by a minor is not void, but it is voidable by the minor. *See Cummings v. Powell,* 8 Tex. 80 (1852); *Askey v. Williams,* 74 Tex. 294, 11 S.W.1101, 1102 (1889); *Prudential Building & Loan Ass'n v. Shaw*, 119 Tex. 228, 26 S.W.2d 168, 171 (1930). It is well settled that a minor's contracts are voidable at the minor's instance, and they may be either disaffirmed by the minor or ratified after the minor reaches majority. *See Dairyland Cnty. Mut. Ins. Co. v. Roman,* 498 S.W.2d 154, 158 (Tex. 1973). This means that the minor may set aside the entire contract at her option. *Rutherford v. Hughes,* 228 S.W.2d 909, 912 (Tex. Civ. App.—Amarillo 1950, no writ); *see also Youngblood v. State,* 658 S.W.2d 598, 599 (Tex. Crim. App. 1983) (applying civil

6

contract law and pointing out that "it is risky business for an adult to knowingly enter into a contract with a person under the age of 18. This is so because the adult is on notice that as a matter of law the minor can during his minority avoid and disaffirm the contract."). Thus, appellees had to show that S.L. elected to set aside the agreement to arbitrate.

Appellees assert that S.L. elected to void any agreement to arbitrate by filing the underlying suit. *See Hogue v. Wilkinson*, 291 S.W.2d 750, 752 (Tex. Civ. App.—Texarkana 1956, no writ) (holding no fact question existed as to disaffirmance of the contract where the minor not only disaffirmed the contracts in person at defendants' place of business, but he also specifically disaffirmed them in the original petition and affidavit he filed in the suit). The trial court agreed, as recited in its findings of fact and conclusions of law.[3]

In support of their argument that S.L. has disaffirmed any agreement to arbitrate, appellees cite a similar case, *In Re Mexican Restaurants, Inc.*, Nos. 11-04-00154-CV & 11-04-0155-CV, 2004 WL 2850151 (Tex. App.—Eastland Dec. 2, 2004, orig. proceeding) (mem. op.).[4] In *Mexican Restaurants*, two former employees filed suit alleging tort and other claims against a restaurant, their former employer. *Id.* at *1. As part of employment agreements with the restaurant, the former employees, who were then aged 17 and 15, signed arbitration agreements. *Id.* Recognizing that contracts of minors are voidable and may be set aside, the court of appeals found that the minors disaffirmed the arbitration agreements in the

---

[3] Although referred to as a Conclusion of Law, the trial court found, "To the extent any agreement to arbitrate existed between [S.L.] and PAK Foods Houston, LLC, [S.L.] voided such agreement by filing this suit." We may review the evidentiary sufficiency of fact findings contained in a conclusion of law. *See Bossier Bank & Trust Co. v. Phelan,* 615 S.W.2d 872, 873 (Tex. Civ. App.—Houston [1st Dist.] 1981, writ ref'd n.r.e.).

[4] PAK Foods complains that *Mexican Restaurants* is an unpublished opinion, lacking precedential value. Only unpublished cases before the 2003 rule change lack precedential value, however. *See* Tex. R. App. P. 47.7(b). "All opinions and memorandum opinions in civil cases issued after the 2003 amendment have precedential value." *See* cmt. to Tex. R. App. P. 47.7.

employment contracts by ending their employment and filing suit.[5] *Id.* at \*2. Therefore, the trial court did not abuse its discretion in refusing to reconsider the denial of the employer's motions to compel arbitration. *Id.*

PAK Foods argues that this case is distinguishable from *Mexican Restaurants* because S.L. was an at-will employee and did not execute an employment contract. PAK Foods also notes that S.L. did not notify PAK Foods prior to filing suit that she was voiding the arbitration agreement.[6] These distinctions do not alter the settled law that a minor may void a contract at her election. *See Dairyland Cnty. Mut. Ins. Co.*, 498 S.W.2d at 158. The arbitration agreement is a contract with a minor, S.L., who had the option to disaffirm the contract.

While appellees assert that S.L. voided the agreement by filing suit, the mere filing of suit may not necessarily disaffirm an arbitration agreement.[7] A party may file suit but later determine arbitration is appropriate. Here, appellees' original petition does not expressly disaffirm an agreement to arbitrate; the petition is silent about arbitration. However, appellees' response filed in opposition to the motion to compel arbitration is a definitive disaffirmance of any agreement to arbitrate. The response states in relevant part:

---

[5] While one of the minors had reached her majority by the time suit was filed, the other was still a minor. *Mexican Restaurants,* 2004 WL 2850151, at \*1. The minor disaffirmed the contract before reaching her majority by filing suit through a parent as next friend. *See id.*

[6] In *Mexican Restaurants,* the employees allegedly notified the Restaurant by letter that they sought to disaffirm the arbitration agreement; however, the letter was not part of the record on appeal. 2004 WL 2850151, at \*2, n. 2.

[7] In *Hogue v. Wilkinson,* the minor pled for disaffirmance of his contract. 291 S.W.2d at 752. In *Mexican Restaurants,* it is unclear whether the issue of disaffirmance arose prior to the Restaurant's motion to compel arbitration. *See* 2004 WL 2850151. We note that filing suit is but one of the factors courts consider in determining whether a party has waived a right to arbitration and, standing alone, is insufficient to show waiver. *See Perry Homes v. Cull,* 258 S.W.3d 580, 591 (Tex. 2008); *RSL Funding, LLC v. Pippins*, 424 S.W.3d 674, 682 (Tex. App.—Houston [14th Dist.] 2014, no pet.).

[S.L.] was a minor at the time of her employment. Assuming she signed it, contracts such as this Arbitration Agreement are voidable at her instance, and may be disaffirmed or repudiated by her or her guardian, regardless of whether the original contract was either beneficial or injurious to her. Thus as [S.L.]'s disaffirmance of the Arbitration agreement has manifestly occurred with her termination of employment and election to file suit, she cannot be bound by the terms of the Arbitration Agreement.

S.L. was still a minor when she objected to arbitration and elected to void the contract. The record contains sufficient evidence of her election to support the trial court's fact finding. The trial court also did not abuse its discretion in concluding as a matter of law that S.L.'s action voided the contract.

### C. Is the Non-Signatory Mother Required to Arbitrate?

Because S.L. disaffirmed the contract, her mother is not obligated to arbitrate her individual claims. PAK Foods argues, however, that S.L.'s mother should be compelled to arbitrate her claims because they are derivative of her daughter's claims, citing *In re Labatt Food Serv.,* 279 S.W.3d 640, 643 (Tex. 2009) (holding that deceased worker's beneficiaries, who were nonsignatories to contract containing an arbitration agreement, were required to arbitrate wrongful death claims). Even if S.L.'s mother's claims were derivative of S.L.'s, because there is no valid agreement to arbitrate S.L.'s claims, *Labatt* is inapplicable. In *Labatt,* there was a contract requiring arbitration that was not set aside or otherwise voided. *See In re Labatt Food Serv.,* 279 S.W.3d at 648–49 (distinguishing cases in which the entire contract is an arbitration agreement and requiring a challenge to the contract as a whole that does not specifically challenge the arbitration clause to be determined by the arbitrator).

### D. Is this a Suit for Necessaries?

Finally, PAK Foods contends that S.L.'s minority does not bar enforcement of the arbitration agreement because the medical expenses that appellees seek to

recover are "necessaries." *See Johnson v. Newberry,* 267 S.W. 476, 478 (Tex. Comm'n App. 1924, judgm't adopted) (recognizing minors may be held liable on a contract to furnish necessaries). "Necessaries" are generally considered to be items like food, lodging, clothing, medicine, medical attention, and may include attorney's fees in some circumstances. *Id.* at 478. The contract at issue in this case concerns the minor's employment and the resolution of disputes arising therefrom. The contact is not for the provision of necessaries.

## IV. CONCLUSION

In conclusion, we hold that there is legally sufficient evidence to support appellees' defense to the arbitration agreement. Specifically, there is more than a scintilla of evidence to uphold the trial court's finding that S.L., a minor, disaffirmed any agreement to arbitrate. *See In re Mexican Restaurants, Inc.*, 2004 WL 2850151, at *2 (stating the minors disaffirmed their arbitration agreements by filing suit and by seeking to avoid arbitration and proceed to trial). Therefore, the trial court did not abuse its discretion in denying PAK Foods' motion to compel arbitration. Accordingly, we overrule both of PAK Foods' issues.

Having overruled PAK Foods' issues, we affirm the trial court's order denying its motion to compel arbitration.


/s/     Martha Hill Jamison
        Justice


Panel consists of Chief Justice Frost and Justices Jamison and Wise. (Frost, C.J., dissenting).

10